## Charles S. Barry, Ex. of John S. Barry, v. John K. Briggs.

*Appeal in chancery: Interlocutory order or decree.* The effect produced by an adjudication in a chancery suit upon the rights and interests of the parties is a better test of its character,—whether it be a merely interlocutory order or a decree,—than the stage of the cause at which it is made; and whenever a legal right is divested by an order of a court of chancery, an appeal lies to determine whether it is legal or unauthorized.

*Partnership: Rights of survivor.* A sole surviving partner has the entire legal title to all the partnership assets. He has a right, acting honestly and with reasonable discretion and diligence, to dispose of them as he pleases, to settle all debts against the concern, to make any compromise he may deem necessary, and to turn the assets into an available and distributable form.

*Practice in chancery: Receiver: Surviving partner: Appeal.* An order appointing a receiver to take charge and dispose of all the property held by the defendant as surviving partner of a firm, is an order divesting the entire legal estate of the defendant in property over which he had the exclusive control, as well as exclusive title. Such an order is a decree, from which an appeal lies to this court, whatever may be the stage of the cause in which it is made.

*Heard January 4, 5. Decided January 6.*

Motion to dismiss an appeal.

A bill was filed in the Circuit Court for the County of St. Joseph in Chancery, by Charles H. Barry, executor of John S. Barry, against John K. Briggs, setting forth the existence for many years of a partnership between John S. Barry and the defendant, which had been dissolved by the death of Barry, and praying for an account of all partnership dealings and transactions; that the defendant might be enjoined from collecting any debts or money, and from disposing of any part of them; and for the appointment of a receiver.

On filing the bill, notice was given of a motion before the circuit judge at chambers for the appointment of a receiver according to the prayer of the bill; and on hearing the motion the circuit judge directed the entering of an order:

"That a receiver of the stock, goods, materials, imple-

ments, premises, outstanding debts, and all moneys, notes, accounts and effects of the late partnership of the said John S. Barry and the defendant, John K. Briggs, carried on in Constantine, in the county of St. Joseph and state of Michigan, under the name and style of John K. Briggs, and in the pleadings in this cause mentioned, be appointed." And after directing a reference to a circuit court commissioner to appoint such receiver, further ordered that the defendant, John K. Briggs, do and he is hereby ordered and required to deliver over to such person so to be appointed receiver forthwith all and every the said stock, merchandise, goods, premises, outstanding debts, moneys, property, effects and assets of said partnership, whether in his hands or under the control of his clerks, agents or attorneys, including the money, effects or assets received since the said John S. Barry's death, with all the books, deeds, writings, documents, vouchers and papers relating thereto, or relating to any part or portion thereof, etc. The said complainant and defendant were each enjoined from receiving any debts due or to become due said (late) firm, and from collecting them, or from in any way meddling with the store or its assets, including the accounts, notes, debts, etc.

The receiver was required to take charge of and hold all the estates, property, debts and effects aforesaid, or the proceeds thereof, and the books and papers aforesaid, subject to the order and direction of the court.

From this order appointing a receiver, the defendant appeals to this court, and the complainant now moves to dismiss the appeal.

*Shipman & Loveridge, H. F. Severens,* and *S. C. Coffinberry,* for the motion.

The appointment of a receiver being *pendente lite* is in the strictest sense subordinate and ancillary to the suit,

BARRY v. BRIGGS.

much so as the granting of an injunction. It is neither a decree nor a final order. The question of whether a decree or order is final within the meaning of the statute relating to appeals, must have reference to the principal object of the bill in the particular case in which such question arises.—*Campau v. Duncan, 15 Mich., 415 ; Wing v. Warren, 2 Doug., 288 and 293; Caswell v. Comstock, 6 Mich., 391; Perkins v. Fourniquet, 6 How., 206; Craighead v. Wilson, 18 How., 199 ; Beebe v. Russel, 19 How., 283; Haminston v. Stainthorp, 2 Wal., 106 ; Wood v. Brewer, 9 Ind., 86; Fuller v. Adams, 12 Ind. 559; Kingsbury v. Kingsbury, 19 Mich., 6 How., 209; Ib., 202; 10 Ohio St., 622.*

The appointment of a receiver in this case does not involve the determination of any right, or affect the title of either party in any manner whatever.—*1 Barb. Ch. Pr., 658.* The exercise of the power of appointing a receiver rests in the discretion of the court, and when appointed, he acts as an officer of the court in the preservation of the subject of litigation, or the rents and profits of it, from waste, loss or destruction, so that there may be some fruits to gather at the end of the controversy.—*1 Barb. Ch. Pr., 658–9; 2 Dan. Ch. Pr., 1406, et seq.*

It is the usual practice in this class of cases, to appoint a receiver if the parties cannot agree among themselves as to the disposition and control of the property.—*1 Barb. Ch. Pr., 661–2.*

*H. H. Riley* and *N. A. Balch, contra.*

Is the order appointing a receiver subject to appeal? We think it is. It certainly and finally disposes of the primary and principal right of the defendant. 1st. It prevents him discharging his duties as the representative of the late firm of Briggs and Barry, to their creditors. 2d. To their

debtors. · 3d. To the· legal representatives of the·deceased partner. 4th. To himself, by depriving him of that personal skill in watching over and taking care of the funds in which he is so directly and deeply interested personally, and as a trustee for others. The order disposes of the defendant's right to a great degree.—*Lewis v. Campau, 14 Mich. R., 449; Callanan v. Shaw, 19 Iowa, 183; Thompson v. Pickel, 20 Iowa, 490; Outman v. Bond, 15 Wis., 20; Wabash Canal Co. v. Beers, 1 Black (U. S.), 54; State v. Northern Railway Co., 18 Md., 193; Ely v. Frisbie, 14 La., 687; Succession of Thompson, 14 La., 810; In re Fleming's Petition, 16 Wis., 75; Kennedy v. Kennedy, 3 Ala., 434.*

CAMPBELL, CH. J.

An appeal was taken in this case from an order òf· the Circuit Court for St. Joseph county, directing the appointment of a receiver to take charge and dispose of all the property held by defendant as surviving partner of a firm in which John S. Barry was interested during his life. The bill was filed by Barry's executor.

A motion is now made to dismiss this appeal, on the ground that the order appealed from is neither a decree nor a final order.

The decision recently made in *Kingsbury v. Kingsbury,* in which the various kinds of orders and decrees which have been passed upon by this court were collected and compared, renders it unnecessary to report the classification at length. It may be said in brief, that the nature of any order, as a decree or final order, or as not final, depends entirely on the effect produced by the adjudication upon the rights and interests of parties; and that the usual distinction between interlocutory and other orders depending on the stage of the cause in which they are made, is not

the test for appellate purposes. An adjudication made at any stage of a cause may have such an effect as to render it appealable. The case of *Lewis v. Campau, 14 Mich. R., 458,* is an example of this. The order appealed from in that case was made at a very early stage of the controversy. And it is only after considering the operation of the order now before us, that we can properly determine its appealable character.

The bill is filed by the executor of a deceased partner against the only surviving partner, who appears by the bill to have had general management of the business and to have conducted it under his own name, but for the joint benefit, during Governor Barry's life. The assets are averred to be large, and defendant is shown to have a beneficial interest in them. The object of the bill is to have the assets taken from his charge and put into the hands of a receiver, and the business wound up under the direction of the court.

The order appealed from was made upon a motion noticed for hearing at chambers seven days after the bill was sworn to. The time for appearing had not elapsed, and the motion was founded on the bill and the affidavit of a son of the complainant. Treated in the order of time, it is clearly an interlocutory order. But considered in reference to its substance, it will become necessary to look at it in another point of view.

It operates to divest the defendant entirely of all the assets; and it directs and empowers the receiver to collect all claims, and to sell all the property and convert it into cash. It requires all the books and documents and all papers and vouchers to be turned over to the receiver, and authorizes him to examine defendant on oath concerning the entire business. Defendant is restrained from in any way interfering with the property or interests, and is com-

pelled to make all transfers and assurances necessary to vest a complete title in the receiver.

This being the scope of the order, the question next arises, What would have been defendant's rights had no such order been made? As sole surviving partner he had the entire legal title to all the assets. He had the right to dispose of them as he pleased, to settle all debts to or against the concern, to make any compromises deemed necessary, and to turn the assets into an available and distributable form. His duty was to act honestly, and to use reasonable discretion and diligence.

His position being not purely one of individual interest, but involving duties to a considerable extent of a fiduciary nature, a court of equity could interfere to prevent any irreparable injury to the other beneficiaries, when the danger of such a result should be clearly made to appear, but not otherwise.

The effect of this order is to divest the entire legal estate of defendant in property over which he had this exclusive control as well as exclusive title, and in which he was equitably as well as legally interested, and in which no one else had any rights except to receive the amount which might belong to the deceased partner's estate after the accounts should be closed and the fund converted. The specific property and its disposal belonged to defendant. A certain share of the net proceeds would belong to the executor. The order divests the whole body of the property, and puts its management, as well as ownership, into other hands. It does very nearly all that could be done under the bill by a decree upon the hearing. The striking of balances, and the final distribution, although not universally, are quite frequently subsequent steps to the principal decree; and in the present case the principal object of the bill is to transfer the trust into new hands,

for execution. All the other objects are subordinate to this main purpose.

An adjudication which produces such important effects, and which actually transfers the entire estate from the defendant, is to all intents and purposes equivalent to a decree as far as it goes. Whether it is competent for a court to divest a title of this kind, except upon a final hearing on pleadings and proofs, is a point which will more properly arise on the merits of the appeal. In the case of the *People v. Simonson, 10 Mich. R., 335,* in which we reversed a conviction for contempt in asserting an existing possession against an injunction which was sought to be used as a means of ouster, we indicated some views on the effect of an interlocutory order operating upon vested rights. And in the case of *Lewis v. Campau,* before referred to, we held that an appeal would lie from such a preliminary order, when it operated to divest the legal control of property. We consider the present case as fully as strong an illustration of such an effect as was furnished by the facts there.

It would be a very singular thing if a court could, by anticipating the proper date of a decree which would be appealable, produce all the consequences of a decree and yet deprive a party of his right to a review. The statutes regulating appeals have regard to the rights of parties, and not to senseless formalities. And the practice in this state, as well as elsewhere, has always been to apply them to that end.

The appointment of receivers is, like many other judicial functions, governed in part by discretion, and in part by rules of right. No court could have unlimited discretion to put private estates into the hands of receivers. There are many cases of recognized equity jurisdiction, where receivers may be appointed at a preliminary stage of the

cau'se on bill and affidavits. But there are also many cases when the appointment of a receiver would be entirely beyond the legitimate power of the court. It would be a very strange thing if because some such orders of appointment are entirely within the discretion of the court and not appealable, the same immunity could be extended to palpable usurpations of power, or excesses of power. It is one of the fundamental principles of jurisprudence that rights cannot be divested without legal authority, and whenever a right is divested by the order of a court of chancery, an appeal lies to determine whether it is legal or unauthorized.

There is no analogy between receiverships in ordinary partnership cases, or in tenancies in common, as in *Duncan v. Campau, 15 Mich. R., 415*, and receiverships in cases like the present. In both of those classes of cases, there is no one who has any exclusive right to control or manage the property; and when the parties cannot agree to act together, the interposition of some other agency is necessary to secure any care of the property whatever. Between tenants in common there is no divestiture of any title, and none of any lawful exclusive possession. As between quarreling partners the interference is one of absolute necessity to preserve and manage the fund for any purpose. But a sole surviving partner has all the right at law which exists any where, and he cannot be at variance with himself. If any occasion arises for interfering with him, it can only be from his grievous misconduct or incapacity, and not from any ordinary necessity to provide a custodian of property remaining masterless. Whether even in partnership cases and tenancies in common there may not be cases where an appeal will lie from the appointment of a receiver, may be a question to be considered when there is occasion for it. In *Kirby v. Ingersoll, 1 Doug., 477*, where an

assignment by one partner against the rights of the other was assailed, and the court of chancery by an interlocutory order required the assignee to transfer the assets to a partnership receiver, the cause was entertained on appeal by the supreme court, and decided on the merits. It does not appear from the report, whether the question of jurisdiction was mooted, but the order was one which divested the assignee of his title and avoided the assignment, and in that respect operated directly on a vested interest.

We think the order in the case before us is appealable, because it divests defendant's estate.

The motion must be denied, with ten dollars costs.

The other Justices concurred.