## The People on the relation of the Port Huron & Gratiot Railway Company and others v. The Judge of St. Clair Circuit.

*Equity jurisprudence : Corporations: Management of corporate business : Directors : Receivers.* A court of chancery cannot take from the directors of a corporation or vest in a receiver the management and control of the corporate business, except in proceedings under the statutes (*Comp. L.*, *1871, ch. 206, 207*) to dissolve the corporation.

*Receivers : Injunction : Ex parte applications : Corporate management: Directors.* The *ex parte* appointment of a receiver to manage the corporate business, and the *ex parte* granting of an interlocutory injunction to deprive the directors of control, are more than irregular and are absolutely void, as beyond the power of the court.

*Mandamus : Remedy. Mandamus* is granted in this case to require the respondent to vacate an order appointing such a receiver, and to dissolve such an injunction.

*Heard and decided April 13.*

Application for *Mandamus.*

The writ is sought in this case to require the respondent to vacate an order appointing a receiver over the Port Huron & Gratiot Railway Company and to dissolve an injunction restraining the majority of the directors of said company from the management and control of the corporate business. The orders, appointing the receiver and granting the injunction, were made on *ex parte* applications, in a chancery suit brought in the St. Clair circuit by three out of seven of the directors of the company, against the company and its four other directors, complaining of the mismanagement of the corporate business and misappropriation of the funds, against the protests of the complainant directors, by secret combinations of the defendant directors to advance their own interests to the detriment of the corporation and its stockholders, praying for a disclosure of their doings in that regard, and seeking to have the control of the corporate business taken out of their hands and placed in those of a receiver to be appointed by the court.

PORT HURON & GRATIOT R. W. CO. v. JUDGE OF ST. CLAIR CIRCUIT.

Motions, to dissolve the injunction and to vacate the order appointing a receiver, were made in the circuit, and denied; and thereupon this application for *mandamus* was made.

The respondent, in his answer to the order to show cause, objected, among other things, that the proper remedy was by appeal, and that *mandamus* would not lie.

*W. T. Mitchell,* for relators.

*Chadwick & Potter* and *Hoyt Post,* for respondent.

PER CURIAM.

The directors or other board of management of a corporation having general authority to manage its concerns, are vested by law with the only discretionary power that can exist in any one to carry on the corporate business; and such management cannot be assumed by a court of chancery, or vested in a receiver; neither can it be taken from the board, except under proceedings instituted to wind up the corporation under the statutes. — *Comp. L., 1871,* ch. 206 and 207.

The appointment, *ex parte,* of a receiver to manage the corporate business, and the granting of an injunction in like manner on an interlocutory *ex parte* application, whereby the control of the business is taken from the directors, are more than irregular, and are absolutely void, as entirely beyond the power of the court; and are such an abuse as may be required to be corrected by *mandamus.*

The nullity of such attempts to divest rights by interlocutory and *ex parte* orders was somewhat considered in *People v. Simonson, 10 Mich., 335,* and *Salling v. Johnson, 25 Mich., 489.*—See also *Barry v. Briggs, 22 Mich., 201.*

Writ granted.