MARY M. McCOMBS v. JAMES H. MERRYHEW ET AL.

*Receiver cannot take summary possession.*

Trial of one's right must precede dispossession.

A receiver cannot summarily eject the occupant of land and take possession of his personalty without a showing of necessity affecting the disputed interests in the land, and a trial of the possessor's right to the personalty; and an order authorizing him to do so, granted on a mere special proceeding, will not be sustained.

Appeal from Kent. Motion to dismiss appeal. Submitted April 8. Denied April 9.

Mary McCombs, the complainant, moved to dismiss the appeal of the two defendants, Merryhew and Sally Chilson, on the ground that the order appealed from was interlocutory, inasmuch as it was merely for the appointment of a receiver. This motion was resisted on the ground that in fact the appointment of a receiver was a divestment of important possessory rights, which could not lawfully be disturbed before a hearing on the merits, and that the case came within the principle of *Barry v. Briggs*, 22 Mich., 201; and *Port Huron and Gratiot R. W. Co. v. St. Clair Circuit Judge*, 31 Mich., 456.

The other motion purported to be made at the request of Sally Chilson, a very aged woman, on whose behalf it was claimed she had never authorized the appeal, and that she had signed several papers without knowing their contents. Counter affidavits were put in to show authority.

*Dennis L. Rogers* for the motion.

*M. Taggart* against.

PER CURIAM. So far as Mrs. Chilson is concerned, there is some difficulty in ascertaining from these affi-

davits whether she has or has not understandingly authorized any of the proceedings. There is as much difficulty in finding authority for this motion as for the appeal. We do not see very clearly how she is affected by the order, but it will be easy to save her rights by future action, and we do not discover any ground for supposing her interests require a dismissal if an appeal lies at all.

Upon the motion to dismiss for want of jurisdiction, it appears to us the order made is not so clearly one of discretion as to warrant a dismissal. There is certainly reason for arguing that on its face it injuriously affects interests not subject to such interference. We shall therefore reserve the point until the case can be heard on its merits.

Both motions are therefore denied, but without costs.

BILL FOR PARTITION OF LANDS. Defendants James H. Merryhew and Sally Chilson appeal from an order appointing a receiver of real estate and personalty and directing him to take possession of the property. Submitted April 23. Decided April 24.

*Burlingame & Rogers* for complainant.

*Taggart & Wolcott* for defendants.

COOLEY, J. The theory on which a receiver was appointed in this case is not very readily understood. The bill is nondescript; but while its apparent purpose seems to be something different, it is said in the brief for complainant to be a bill for partition of lands. Complainant's interest in the land does not exceed one-eighth. The defendant James H. Merryhew was husband of Martha Merryhew, who in her lifetime owned an undivided two-thirds, and resided with him on the lands, and was raising crops thereon. The lands originally belonged to Ezra Chilson, who died the owner thereof, leaving his mother, Sally Chilson, and a sister

and half sister, Mary Johnson and Martha Merryhew, surviving him. The mother conveyed to Martha Merryhew. Complainant is one of eight children of Mary Johnson, now deceased, and her rights come by descent from her mother, and from Mrs. Merryhew, who died without issue. What other interests, if any, there are in the land, it is not important to inquire.

The estate of Ezra Chilson has never been administered upon, and complainant alleges in her bill that when he died he was owner of certain personal property on the land, and that "the said personal property so left by said Ezra upon said farm as aforesaid has resulted in the personal property now upon said premises, and that the said personal property now on said farm has grown from or proceeded out of the said personal property so left by said Ezra Chilson." The bill contains a prayer that the court take to itself administration of the estate of Ezra Chilson.

Sally Chilson resided with her daughter Martha at the time the latter deceased, and afterwards remained with defendant Merryhew on the land. Many things appear in the record which indicate that the real controversy between the parties relates to the custody of this woman, who is now very old and weak, and whose little property is a temptation to the litigants. Soon after the bill was filed, complainant applied to the circuit court for the appointment of a receiver of the lands and personalty, and an order appointing one was made which is given in the margin.*

---

* State of Michigan.    The Circuit Court for the County of Kent.— In Chancery.

At a session of said Court, held at the Court house, in the city of Grand Rapids, in said county, on Saturday, the 1st day of March, A. D. one thousand eight hundred and seventy-nine.
        Present,    Hon. BIRNEY HOYT, Circuit Judge.
Mary M. McCombs, Complainant vs. James H. Merryhew, Latham Averill, Spencer Johnson, Lydia Colwell, Seth Johnson, Ruth Banker, Corydon Johnson, Hulda Spafford, Pierce Johnson, Honry Wolcott and Sally Chilson, Defendants.

This cause being before the court upon an order to show cause duly made herein, on the 12th day of February, A. D. 1879, and on reading the bill of complaint and affidavits filed on behalf of

It will be seen that this order ejects the defendant Merryhew from the premises. There is no doubt whatever that his possession at that time was rightful, and he then had growing crops on the land which he had a right to care for and remove when they should be ripened. He also claimed to have made expensive improvements on the estate for which he made equitable demand for compensation. Whether he had a valid claim of this sort it is immaterial now to consider, but his summary ejection under the circumstances, at the demand of one of the numerous heirs, and without the slightest showing of necessity, so far as the respective interests in the land are concerned, cannot be justified on any principle.

Still less can the order be justified that took the personal property from Merryhew and delivered it over to the receiver. Merryhew in his answer to the application for a receiver averred under oath that "a large part of the personal property now on said premises" "is the individual property of deponent, it having been purchased by him with his own money." This was certainly a

---

defendants Merryhew, Averill and Sally Chilson, and after hearing D. L. Rogers, solicitor for complainant and James A. Rogers, of counsel, and M. Taggart, counsel for defendants Merryhew, Averill and Sally Chilson, and on due consideration thereof, it is ordered by the Court now here, that the temporary injunction heretofore issued, be continued, and be and remain in force until the further order of this Court in the premises.

It is further ordered that Henry K. Crissman be and is hereby constituted and appointed receiver herein according to the prayer of said bill; and that said receiver be and is hereby authorized and directed to enter upon the premises described in bill as lot 3, and the northeast quarter of the northeast quarter of section twenty-five, town eight north of range 11 west, Kent county, Michigan, and take into his custody and possession all of the personal property thereon situated. That he make an inventory of the same, and cause the same to be duly appraised, and file such inventory and appraisement in this court in this cause, with all convenient speed.

And that said receiver is also hereby authorized and directed to enter upon and take actual and exclusive possession of said real estate, except as to the defendant Sally Chilson, and that he make suitable provision for the care and maintenance of said Sally Chilson, upon said premises. That before entering upon the duties of receiver, let said Henry K. Crissman give bond in the penal sum of two thousand dollars, with two sufficient sureties to be approved by the register of this court.

BIRNEY HOYT, Circuit Judge.

sufficient answer to the very vague claim to the personal property set up on behalf of Ezra Chilson's estate in the bill. But what right can the court have in this summary manner to dispossess a claimant of property which undisputedly had for a long time been in his rightful possession? If such an order can lawfully be made, no one is safe in the possession of any thing which another sees fit to claim by suit in equity. The principle is at least as old as *Magna Charta* that a man shall have a trial of his right before dispossession; and we cannot sanction any departure from it that shall leave every one to the mercy of a special and summary proceeding on which an inquiry into the facts must always be imperfect and generally one-sided. We have had occasion to point out the illegality of such proceedings in other cases to which we refer. *Salling v. Johnson*, 25 Mich., 489; *People v. Judge of St. Clair Circuit*, 31 Mich., 456; *People v. Jones*, 33 Mich., 303.

The order must be set aside as wholly unwarranted, with costs of this court and of the application in the court below.

The other Justices concurred.