41 207
114 579

HIRAM ARNOLD v. DAVID R. BRIGHT AND ELMER E. BRIGHT.

*Lease—Fraudulent representations by tenant—No interference with possession of land by preliminary injunction.*

Neglect to cultivate a vineyard on a farm will not sustain a bill to cancel a lease on the ground that the lessee had obtained it by the fraudulent representation that he was a skillful farmer in all branches of husbandry.

Courts of equity cannot condemn a man unheard or transfer the possession of property *prima facie* his from him to another on the latter's *ex parte* claim to it.

Possession of lands cannot be disturbed or given to a receiver by a preliminary injunction, and appeal would lie as from a final order from such a premature adjudication of the merits, since it entails a surrender of rights or the expense of a preliminary appeal.

A bill was filed to cancel a lease as obtained by fraudulent representations. The fraud was denied and the injury alleged was not irreparable, as the lease provided for its termination by notice so that the lessor had a remedy at law for damages. *Held* that an *ex parte* injunction restoring possession to the lessor pending suit was improvidently granted.

Appeal from Kalamazoo. Submitted June 6. Decided June 17.

BILL TO CANCEL A LEASE. Defendants appeal.

*Edwards & Sherwood* for complainant.

*Henry C. Briggs* for defendants.

MARSTON, J. The bill in this case was filed to set aside a written lease for a term of years, procured through the alleged fraudulent representations of the lessee David R. Bright. The lease was of a farm, upon which was a small vineyard, and raspberry and strawberry plantations.

The fraud charged was that defendant David R. importuned complainant for a lease of the farm, and "made great pretensions to exceptional knowledge and skill and experience as a practical and scientific farmer in all branches of husbandry." The evidence relied upon to show the fraudulent character of such representation consisted mainly of a willful failure or neglect to properly and in due season cultivate the vineyard, and the raspberries and strawberries; in permitting weeds to grow up and choke the vines; and in a fraudulent division of the strawberries. No complaint was made as to the manner of conducting or cultivating the other crops upon the farm, except as to a small piece of corn.

Even if the charge in the bill was sufficient, the evidence wholly fails to sustain it, unless we could say that a neglect to properly cultivate was conclusive evidence of a lack of proper knowledge pertaining to that subject. Men may know how and when crops should be cultivated, and yet for some reason not properly attend to them.

There was a clause in the lease giving either party a right to terminate it upon six months' notice. Notice was given by both, and the lease is now terminated and the complainant restored to possession, so that the only question left for this court to pass upon of any real or

practical importance is one of costs. Upon filing the bill in this case an injunction was granted and issued which practically restored complainant to possession. This we think was improvidently granted, as with the clause providing for a termination of the lease, the landlord had an ample and complete remedy at law, for any damages he might have sustained, and it was clearly illegal to thus deprive a defendant of possession pending the litigation where the fraud is denied, and more especially where the injury to the complainant could in no just or proper sense be considered as irreparable.

Under all the circumstances the case should never have been commenced. The decree must be reversed and the bill dismissed with costs of both courts.

GRAVES and COOLEY, JJ., concurred.

COOLEY, J. (concurring). The most striking feature of this case is that, on the filing of the bill, by an *ex parte* order, the court adjudged the whole merits of the controversy, and by means of an injunction turned the defendants out of possession of premises of which they were *prima facie* lawful occupants under complainant's lease, and allowed the complainant to have the immediate benefit of a final decree in his favor, by entering and occupying. Inasmuch as the lease had then but five months to run, under notices which had been given to terminate it, and as a contested suit could not probably terminate in that time, the complainant was thus, by a preliminary and *ex parte* order, given the fruits of a final decree in his favor. The injunction commanded the defendants " that you and each of you do absolutely desist and refrain from exercising any management and control over, or interference with the farm of the complainant, which you claim to have been let to you by said complainant, or of the other property let to you by the complainant or any part thereof, or any of the crops or products on said farm, being and growing, and from entering upon said farm, and from picking the strawberries thereon being and growing, and from removing, using and mar-

keting the same, or from in any manner interfering with or disturbing complainant in picking and marketing the strawberry crop, now growing on said farm, and in managing, controlling and cultivating said farm, and in his taking and enjoying full and entire possession thereof, and every part and parcel thereof, and of the property of complainant mentioned in the contract of lease without let or hindrance of any kind of you" the said defendants.

The court of chancery has no more power than any other to condemn a man unheard, and to dispossess him of property *prima facie* his, and hand over its enjoyment to another on an *ex parte* claim to it. In several cases it has been decided that possession of lands is not to be disturbed by means of a preliminary injunction. *Hemingway v. Preston*, Walk. Ch. 528; *People v. Simonson*, 10 Mich., 335. Under the case last mentioned the injunction issued in this case might have been disregarded with impunity, and very serious questions might have arisen had the entrance of complainant upon the premises been resisted by force. A similar prejudgment of controversies by the appointment of receivers has been held in several cases to be wholly unwarranted by law. *Port Huron etc. Rw. Co. v. Judge of St. Clair Circuit*, 31 Mich., 456; *Port Huron etc. Rw. Co. v. Jones*, 33 Mich., 303; *McCombs v. Merryhew*, 40 Mich., 721. And in other cases we have held that when there has been such a premature adjudication of the merits of a controversy, the party injured by it might appeal from it as from a final order. *Barry v. Briggs*, 22 Mich., 201; *Lewis v. Campau*, 14 Mich., 458; *Taylor v. Sweet*, 40 Mich., 736. Thus by the making of an unwarranted order the parties must surrender rights or be put to the expense of a preliminary appeal to protect their right to a hearing, when the statute contemplates an appeal only after a full hearing, or after full opportunity for having one. We must suppose that the court in this case, in allowing an injunction to issue as prayed, and in sustaining it on the motion to dissolve, must have overlooked the

broad terms in which it had been framed: it is not to be assumed or supposed that previous decisions of this court were purposely disregarded.

The premature disposition of rights in this case is the more remarkable because the case made by the bill is not a strong one in its allegations of fraud, and on the evidence we do not think the fraud is made out at all.

MARSTON and GRAVES, JJ., concurred.

CAMPBELL, C. J., did not sit in this case.