SIGMUND SIMON v. SELIGMAN SCHLOSS ET AL.

*Final order—Receivership contrary to agreement of parties.*

An order appointing a receiver to take possession of and collect certain partnership accounts was unwarranted where the parties had themselves fully agreed how the accounts should be collected, and defendants were responsible. Such an order is appealable.

Appeal from Superior Court of Detroit. Submitted April 6. Decided April 25.

BILL for accounting. Defendants appeal. Reversed.

*Moore & Moore* for complainant.

*Griffin, Dickinson, Thurber & Hosmer* and *John Atkinson* for defendants. Where parties are responsible a controversy should be determined on the merits before appointing a receiver to take charge of their affairs: *Barry v. Briggs* 22 Mich. 201; *Taylor v. Sweet* 40 Mich. 736; *McCombs v. Merryhew* id. 721.

MARSTON, J. Prior to December 17, 1879, the parties hereto had been engaged, as co-partners, in carrying on business as wholesale jobbers in clothing, dry goods, etc., in the city of Detroit. On that day they entered into an agreement for a dissolution of the firm and a division of their stock of goods. They also agreed therein that all outstanding accounts, notes and mortgages of the firm, except those appearing upon the city ledger so called, should be collected by the defendants, and a disposition of the moneys so collected was also provided for. It was also agreed therein that all accounts, notes and mortgages which should have matured and be outstanding at the expiration of one year from the date of the dissolution, should be disposed of as the parties could agree, and if no unanimous agreement could be had, then such accounts should be placed in the hands of some proper person for collection. It was also

farther agreed that accounts past due and not settled for a reasonable time after the expiration of such year, either of said parties should have the right, after notice to the others, to secure the settlement of such accounts in such a shape and manner as should be advantageous to the retiring firm, the expense of collection to be paid out of the partnership funds.

Under this agreement the parties had agreed fully and clearly how these accounts should be collected, and the disposition made of this matter by the court, in appointing a receiver to take possession of and collect the same, would in our opinion violate the letter and spirit of the mode agreed upon by the parties. The defendants are responsible, and no danger can be apprehended in awaiting a disposition of this case upon the merits before resorting to such a remedy. That an appeal lies from such an order is no longer open to question in this State. Both these matters we consider as settled. *Arnold v. Bright* 41 Mich. 210, and cases cited.

The order must be reversed with costs.

The other Justices concurred.