HALL *v.* WAYNE CIRCUIT JUDGE.

1. RECEIVERS—DIVESTITURE OF POSSESSION—EX PARTE ORDER.
   An order appointing a receiver *pendente lite,* and requiring property in the possession of mortgagees to be turned over to him, issued in a proceeding under 3 How. Stat. § 8749*o,* relating to voluntary assignments, and authorizing persons having preferred claims to apply for a receiver in certain cases, attempts to divest possession on a preliminary inquiry, and is therefore improvident, if not an absolute nullity.

2. SAME—MANDAMUS.
   Such order being appealable, *mandamus* will not lie to set it aside.

*Mandamus* by Thomas E. Hall and others to compel Joseph W. Donovan, circuit judge of Wayne county, to vacate an order appointing a receiver. Submitted October 20, 1896. Denied January 5, 1897.

*Julian G. Dickinson,* for relators.

*Harry F. Chipman,* for respondent.

HOOKER, J. The circuit court in chancery made an order appointing a receiver, and requiring defendants to deliver over to said receiver all property constituting a stock of dry goods owned by Richardson and others, which was in the possession of other defendants as mortgagees. The bill was filed under 3 How. Stat. § 8749*o,* and the order was made *pendente lite.* A motion was made to vacate said order, which was denied, and an application for *mandamus* to compel it is made.

This order attempts to divest possession of property on a preliminary inquiry, and, if not an absolute nullity, was improvidently made. *Port Huron, etc., R. Co.* v. *St. Clair Circuit Judge,* 31 Mich. 456; *People* v. *Simonson,* 10 Mich. 335; *Barry* v. *Briggs,* 22 Mich,

201; *Salling* v. *Johnson*, 25 Mich. 489; *People* v. *Jones*, 33 Mich. 303; *McCombs* v. *Merryhew*, 40 Mich. 725; *Tawas, etc., R. Co.* v. *Iosco Circuit Judge*, 44 Mich. 481; *Jones* v. *Schall*, 45 Mich. 380.

But, as shown by most of the cases cited, and many others that might be cited, the order is appealable, and *mandamus* should not be resorted to in such cases, as we have repeatedly held. The case of *Scott* v. *Wayne Circuit Judges*, 58 Mich. 314, is in point. We must, therefore, deny the writ, but we have no doubt that the circuit judge will vacate the order upon a renewal of the application, and upon being advised of the view taken by this court. Neither party will be allowed costs.

The other Justices concurred.