GOLDMAN *v.* MANISTEE CIRCUIT JUDGE.

PARTNERSHIP—ACCOUNTING—INJUNCTION — RECEIVER — EX PARTE
ORDER—PROPRIETY.

On a bill for a partnership accounting, an ex parte order for an
injunction and appointing a receiver, the effect of which is to
dispossess the managing owner of property, real and per-
sonal, of such a nature that it could not be readily converted
or dissipated, is an absolute nullity.

Mandamus by Harry Goldman to compel Charles H.
Rose, circuit judge of Manistee county, to dissolve an in-
junction, and to vacate an order appointing a receiver.
Submitted November 17, 1908.. (Calendar No. 23,121.)
Writ granted December 8, 1908.

*P. T. Glassmire* (*Smurthwaite & Alway*, of counsel),
for relator.

*Dovel & Dovel* (*Butzel & Butzel*, of counsel), for re-
spondent.

BROOKE, J.   Application for mandamus.   The writ is
sought to require the respondent to dissolve a preliminary
injunction and vacate an order appointing a receiver.

One William Imerman and the relator were in business
as copartners under the trade-name of the Western Hide
& Fur Company of Manistee for some time prior to the
29th day of September, 1908.   Upon that day Imerman
filed a bill in chancery and his own affidavit, and upon
the filing thereof applied for a temporary injunction
against Goldman and for the appointment of a receiver.
The circuit judge ex parte made an order appointing a re-
ceiver for all the assets of the partnership, and issued an
injunction against the relator enjoining him from—

"Taking possession of any of the assets of the Western
Hide & Fur Company, or collecting any of the moneys

due to the Western Hide & Fur Company, or from conducting any business particularly until the further order of the court in the name of or in behalf of the Western Hide & Fur Company, and from transferring or conveying any property, either real or personal, belonging either to the Western Hide & Fur Company, and from in any way clouding the title or conveying the property commonly known as Arthur street yards and warehouses."

As soon as was practicable after the service upon the relator of the injunction and notice of the appointment of a receiver, he filed his answer to the bill and made a motion for the dissolution of the injunction and the vacation of the order. He also filed several affidavits in support of said motion. An order to show cause was issued by the circuit judge upon this motion, and it was heard on the 12th of October. Upon the hearing, various affidavits filed that day were considered by the judge in support of the continuance of the injunction, and on the 17th day of October the judge denied the petition of the relator, and affirmed the ex parte order already referred to. The principal business carried on by the copartnership in the city of Manistee was that of dealing in old metal and old machinery. It had a considerable stock on hand, and was indebted to the bank in Manistee in the sum of some $10,000, which bank indebtedness was indorsed by Imerman. The relator's answer was under oath. In it he denied the existence of a partnership with Imerman, and fully met the equities of the bill.

A careful perusal of the bill, answer, and various affidavits fails to disclose any urgent necessity for the very drastic course taken. By the action of the court, relator Goldman, who had been for 14 years the owner or part owner of the business in question, and for the year during which the partnership with complainant had existed, its managing partner, was wholly dispossessed of his property, the very nature of which rendered it extremely unlikely that it could be readily converted or dissipated. This court has repeatedly held that the issuance of an injunction and the appointment of a receiver ex parte is an absolute

nullity.   It has further had occasion to point out the impropriety of taking such action pendente lite in "a special and summary proceeding on which an inquiry into the facts must always be imperfect and generally one-sided." *McCombs* v. *Merryhew,* 40 Mich. 721.   See, also, *Salling* v. *Johnson,* 25 Mich. 489; *Port Huron, etc., R. Co.* v. *St. Clair Circuit Judge,* 31 Mich. 456; *Hall* v. *Wayne Circuit Judge,* 111 Mich. 395; *Comstock* v. *McDonald,* 113 Mich. 626.

Writ granted.

GRANT, C. J., and BLAIR. MONTGOMERY, and OSTRANDER, JJ., concurred.