McQUATER *v.* WAYNE CIRCUIT JUDGE.

MANDAMUS — EQUITY PRACTICE — DISSOLUTION OF TEMPORARY IN-
JUNCTION—CONCLUSIVENESS OF RETURN TO WRIT.

The dissolution of a temporary injunction, on the coming in of
the answer to a bill in chancery, will not be vacated in man-
damus proceedings, in which the trial judge returned that he
exercised his judicial discretion, and that the answer denying
the averments of the bill seemed to the court the more prob-
able.

Mandamus by James McQuater to compel Henry A.
Mandell, circuit judge of Wayne county, to vacate an
order dissolving a temporary injunction. Submitted June
22, 1909. (Calendar No. 23,318.) Writ denied July 15,
1909.

*Walter E. Martin*, for relator.

*Joseph T. Belanger*, for respondent.

BLAIR, C. J. Relator filed his bill of complaint in the
Wayne circuit court, in chancery, against Fred W.
Malone as defendant, alleging, in brief, that the parties,
on July 25, 1908, entered into a copartnership in the
laundry business by verbal agreement, whereby complain-
ant put into the business his experience "as an expert
machinist and builder of laundry machinery, and also
agreeing to and giving his entire time and attention to
said business, and said defendant agreed to and did bring
into said business the machinery and fixtures necessary
to carry on said business;" that complainant acquired by
said agreement a one-half interest in said business, and
was to share equally in the profits and bear one-half the
losses thereof; that the parties did business under the
agreement until February 2, 1909, when defendant re-
fused to recognize complainant further as a partner, and

employed a man to take charge of the business; that complainant never drew more than $5 per week from said business, although he was earning theretofore at his trade $20 per week; that defendant refuses to account to complainant, and has informed him that he is going to sell the said machinery and fixtures; and that complainant is in danger of losing the amount due him from said business.   The bill prays for an accounting, a temporary injunction, and a receiver.   A temporary injunction was issued, reserving the right to the defendant to move to modify or dissolve it.   Defendant filed his answer, and moved to dissolve the injunction.   The answer is under oath, and denies every material allegation of the bill.   As to the verbal agreement for a partnership, the answer avers that, about June 25, 1908, complainant approached defendant with a proposition to purchase certain laundry machines and equipment, and to start a laundry, representing that he would obtain $250, and that they would purchase said machines and start said laundry together; that, relying upon this representation, defendant, on June 26, 1908, purchased the machines for $250, and took a bill of sale thereof in his own name; that complainant never produced the $250, or any part thereof; that, on or about July 25, 1908, defendant rented a two-story brick building, and employed complainant to take charge of his engine, boiler, and washing machines, agreeing to pay him therefor the sum of $5 per week, and to give him, rent free, the use of three rooms on the second floor of said building and his artificial light and heat free; that complainant worked for defendant under said agreement till February 3, 1909, when he left defendant's employ voluntarily; that defendant paid all of the expenses, and put in the entire capital of the business; that defendant told complainant, during the entire period of his employment, that he would give him, at any time he should put in capital, an interest in the business in proportion to the amount he should invest, and complainant repeatedly told defendant he was going to put in money, but never did;

that defendant is an expert machinist of 22 years' experience, capable of operating laundry machinery, and gave his entire time to the business, frequently working 18 and 19 hours a day.

The circuit judge dissolved the injunction, and complainant applies for a writ of mandamus to compel him to vacate such order and reinstate the injunction, alleging that in entering such order the respondent "in no way exercised his discretion in making said order, but, himself referring to the case of *Goldman* v. *Manistee Circuit Judge*, 155 Mich. 47 (118 N. W. 600), stated that he was bound by this decision, and on the strength of said decision granted an order dissolving the injunction;" that, on the hearing of the motion to dissolve, complainant "agreed to consent that the injunction be modified so that defendant would merely be restrained from selling, or otherwise disposing of, the machinery used for carrying on the laundry business;" and, further, that complainant would lose all his protection from loss if the injunction were dissolved.

Respondent in his return admits that he did state that, in his opinion, the decision in the *Goldman Case*—

" Applied with equal force to the facts in the case before him, and that, independently of the equities and other features in the said case before him, said decision made it incumbent upon him to dissolve said injunction, but that he exercised his discretion in making said order, and, before making same, he entered into a discussion of the merits of the case with the said solicitors for the respective parties, and heard, considered, and discussed the contentions of said McQuater's solicitor, the same as set forth in his brief filed herein, and, in view of the fact that said McQuater never put any money into the partnership alleged by him to exist between him and said Malone, and never contributed any money to meet the expenses of operating and maintaining the laundry alleged by him to be the subject of said alleged partnership; and the terms of his alleged partnership agreement make no mention of the contribution of cash necessary to conduct the laundry, pay the rent of the premises occupied by it, and the expenses of starting and running it; and

the fact that the alleged contribution by McQuater of his expert knowledge of laundry machinery and his entire time and attention to the business is equalized by the allegation of Malone that he, too, is an expert machinist, and that he has given his entire time and attention to said business; and the fact that Malone equipped said laundry with all the machines and equipment used by it entirely at his own expense, and that said laundry represented, at the date of his answer, an investment on his part of the large sum of $1,177.58; and the belief of your respondent that the acceptance by McQuater from Malone of the sum of $5 per week, and the free use of three rooms and artificial light and heat for his services shows that there was no partnership between them, and, particularly under the circumstances alleged in said answer, is not inconsistent with said Malone's denial of the existence of a partnership—your respondent is of the opinion that the theory and contention of McQuater are not so probable as those of Malone, and that it is unreasonable to suppose that said Malone, entirely at his own expense, would have started said laundry, equipped it, and operated and maintained it this long period of time if he was not the sole owner of said laundry, and its business and all the machines and equipment used by it, or that said Malone would have started said laundry under a partnership agreement with said McQuater without any provision made for operating and maintenance expenses, or without any obligation or agreement on the part of said McQuater to furnish his share thereof, and without the knowledge and certainty that said McQuater had the necessary money so to do, and, being of such opinion, and exercising his discretion in the matter, your respondent accordingly made the said order dissolving the said injunction."

We must accept the return of the respondent that he did exercise his discretion in dissolving the injunction, and we are satisfied that there was no such abuse of discretion, if any, as to warrant us in ordering the injunction reinstated.    *Grand Rapids Electric R. Co.* v. *Calhoun Circuit Judge,* 156 Mich. 419 (120 N. W. 1004).

Grant, Montgomery, Ostrander, and Hooker, JJ., concurred.