## WOODMANSEE v. ANN ARBOR BRICK CO.

1. RECEIVERS — CORPORATIONS — INJUNCTIONS — STOCKHOLDERS'
   SUIT.
   In a suit by stockholders and directors of a corporation against
   other directors who are in control of the corporate business,
   and who are alleged to be mismanaging the same, dissipating
   its assets, and planning and attempting to defraud complain-
   ants, the order of the circuit court at a preliminary hearing,
   appointing a receiver and depriving the corporation of its
   right to manage and dispose of the business and assets, after
   the coming in of an answer denying the averments of fraud,
   insolvency, and concealment, is not sustainable.

2. SAME—INTERLOCUTORY ORDERS.
   It is error to deprive a corporation of possession, title, and man-
   agement of its property by an injunction and appointment of
   a receiver, on a preliminary hearing upon affidavits.

Appeal from Washtenaw; Kinne, J. Submitted Jan-
uary 18, 1911. (Docket No. 111.) Decided March 13,
1911.

Stockholders' suit by Nathan Woodmansee and Austin
F. Smith, against the Ann Arbor Brick Company, Horace
G. Smith, Charles L. Smith, and George F. Smith. From
an order appointing a receiver, defendants appeal. Re-
versed.

*A. J. Sawyer & Son,* for complainants.

*Moore & Moore* (*M. J. Cavanaugh* and *George Burke,*
of counsel), for defendants.

Two of five stockholders (all of whom are also directors)
of defendant corporation filed their bill of complaint against
the corporation and the other stockholders, praying for
the appointment of a receiver of corporate property, to
wind up the affairs of the corporation, for an accounting

by defendant stockholders, and for an injunction restraining defendants from selling or disposing of property belonging to the corporation. An order for an injunction was made upon the filing of the bill, which was September 1, 1910. The answer of defendants was filed September 12, 1910. Motion to dissolve the injunction was entered on the same day and noticed for hearing on September 16, 1910.

The court, on September 14, 1910, without notice to defendants, made an order appointing complainant Nathan Woodmansee receiver, temporarily, of defendant corporation, and further ordered that defendants show cause on September 26th why a "receiver *ad litem*" should not be appointed. A further order, reciting that it was made September 29th, bearing at the end, with the signature of the circuit judge, the words "Dated this 1st day of October," and filed October 3, 1910, appoints said Nathan Woodmansee receiver of all the property of defendant corporation with all powers usually belonging to receivers and some powers specifically stated. It directs defendants to turn over and transfer to the receiver all of the corporate assets. It recites that it was made after a hearing upon the order to show cause. It also continues the injunction in force. From this order defendants have appealed. The corporation was organized on or about March 25, 1907, with a capital of $8,000, represented by 80 shares of stock, of which Horace G. Smith subscribed for 30 shares, Nathan Woodmansee for 8 shares, and Austin F. Smith for 2 shares.

The matters charged in the bill, upon which and upon the answer thereto complainants rely to support the action of the court, are, in substance:

(1) That complainants, who now own 11 shares of stock, paid therefor in cash, while defendant Horace G. Smith, who now owns 27 shares, and has transferred stock to the other defendants, paid for his stock in personal property, mentioned in the articles of association and valued therein at $3,000.

(2) That since the organization of the company the defendants have assumed management and control of the business.

(3) They have endeavored to suppress all knowledge and information about the business with intent to defraud complainants.

(4) They have not made and filed annual reports with the secretary of State, nor made reports to the stockholders.

(5) Complainant Nathan Woodmansee has frequently applied to Horace G. Smith, president of the corporation, for information concerning the business, and has received no information except that the business was about paying expenses.

(6) The same person applied to the said president for a report of the condition and business of the corporation and could get none.

(7) To deprive complainants of means of information, defendants have abandoned the Ann Arbor office of the company and removed all books and papers pertaining to the business to Detroit.

(8) No meeting of stockholders has been called by the president, or held, since the first meeting.

(9) Complainants believe the corporation to be insolvent, defendants admit an indebtedness of $1,700 or thereabouts, due to various persons for labor, and there are believed to be other debts.

(10) Defendants have abandoned the plant and ceased for a year or more to operate the same, and the tools, etc., are going to decay and are being carried away and destroyed for want of care and protection.

(11) When operations ceased, there was on hand a large amount of brick ready for market and a considerable amount in accounts and bills receivable.

(12) Defendants are collecting these accounts, selling, mortgaging, and disposing of the brick and machinery and tools, etc., with a view of defrauding complainants and the creditors of the corporation.

(13) Two of defendants are trying to dispose of the plant, representing to intending purchasers that their reason is that they live in Detroit and cannot attend to the business in Ann Arbor.

Certain exhibits are attached to the bill, purporting to show who are creditors of the corporation so far as com-

plainants can ascertain the facts, and the value of the assets of the corporation.  Complainants in their schedule value the corporate plant and brick on hand at the sum of $2,040.

The defendants, by their sworn answer, deny the allegations of misconduct on their part, deny insolvency, deny that there are any labor debts owing by the corporation, and deny that any attempts have been made to sell the corporate property excepting the brick.  They admit the keeping of the books and papers in Detroit, assigning as a reason that defendant corporation has no office in Ann Arbor except at the brickyard.  They assert that annual reports have been duly made and filed and deny that complainants have been denied access to books and papers and denied information concerning the business of the corporation.  They admit that no brick were manufactured in the summers of 1909 and 1910.  At the hearing, complainants presented their own affidavits in support of the bill and in denial of certain averments in the answer, which affidavits seek to enlarge, to some extent, the scope of the bill by showing that the personal property mentioned in the articles of association was overvalued.  Two affidavits fix the values of the tools and machinery of the corporation at about $300.

Ostrander, C. J. (*after stating the facts*).  Whether the bill states a case for equitable cognizance is a question not presented on this appeal.  That the answer does not confess, and does deny, the charges of fraud and mismanagement and insolvency, is clear.  The effect of the order is not limited to preserving the assets of the corporation until final decree.  The effect is to dispossess the corporation and to deprive it of all title to, and management of, the corporate property.  This court has so often declared that such an order, made upon a preliminary hearing, cannot be sustained, that we shall only refer to some of the decisions.  *McCombs* v. *Merryhew*, 40 Mich. 721, and cases cited in the opinion; *Arnold* v. *Bright*, 41 Mich. 207 (2

N. W. 16); *Tawas, etc., R. Co.* v. *Iosco Circuit Judge,*
44 Mich. 479 (7 N. W. 65); *Smith* v. *Walker,* 57 Mich.
456 (22 N. W. 267, 24 N. W. 830, 26 N. W. 783); *Hall*
v. *Wayne Circuit Judge,* 111 Mich. 395 (69 N. W. 643);
*Goldman* v. *Manistee Circuit Judge,* 155 Mich. 47 (118
N. W. 600). We are referred to no authority to the contrary.

The order appealed from is reversed and set aside, with
costs of this appeal to appellants, and the record remanded
to the circuit court.

BIRD, HOOKER, MOORE, and MCALVAY, JJ., concurred.