CARPENTER *v.* LANDMAN.

1. RECEIVERS—EQUITY—SEQUESTRATION—CREDITORS' SUITS.

Courts do not ordinarily sequestrate the effects of a corporation, or take the management of its affairs from its officers and commit it to a receiver, whether on the application of creditors, or of shareholders. But, as an exception to the general rule, for the purpose of holding and preserving the assets of an insolvent until a hearing is reached on the merits, a receiver *pendente lite* is often appointed.

2. SAME—FRAUD—WASTE—MISMANAGEMENT.

Under a bill charging the officers and directors of a company with neglect, waste, and deceit, and with unlawfully carrying away the property of the company, the appointment being asked for by one defendant and not opposed by the other defendants, a receiver to hold the assets was properly placed in control, but so much of the order of the lower court as authorized him to convert the assets into money is omitted, and the decree modified by striking out that portion on appeal by the complainant.[1]

Appeal from Kent; McDonald, J. Submitted January 7, 1916. (Docket No. 64.) Decided September 26, 1916.

Bill by Eugene Carpenter against John W. Landman, the Commercial Service Truck Company, and others, for an accounting and the appointment of a receiver for defendant company. From the decree rendered, complainant appeals. Modified and affirmed.

*Eugene Carpenter*, in pro. per.

*Earl R. Stuart*, for defendant truck company.

BIRD, J. Complainant appeals from an order of the

---

[1] Upon the question of the power of courts of equity to appoint receiver *pendente lite* of corporation because of mismanagement of its officers, see note in 39 L. R. A. (N. S.) 1041.

court appointing a receiver *pendente lite* of the Commercial Service Truck Company.

Complainant filed his bill of complaint as a stockholder of the company, under 3 Comp. Laws, § 9759 (3 Comp. Laws 1915, § 13582), making the directors and officers of the company parties defendant. He charges, in substance, that the company is a Michigan corporation, with a capital stock of $170,000, which was organized late in the year 1911, for the purpose of manufacturing motor trucks and selling them upon the market; that a large amount of materials were purchased; that several trucks were manufactured, but only one was sold; that for want of capital and proper and honest management the work of manufacturing ceased. He charges that the management of the business of the company since its organization "has been neglectful, loose, extravagant, and ill-advised, and that debts have been allowed to accumulate, and creditors to proceed by attachment to collect their indebtedness from said company." He also charges that the directors and officers have unlawfully carried away property which belonged to the corporation, that some of the directors have not paid their subscriptions upon stock, and that they have neglected the business of the company, and in this regard many instances of acts of commission as well as omission are set forth.

The bill prays that certain of the defendants may be compelled "to account for their official conduct in the management and disposition of the funds and property committed to their charge as officers, directors, and managers of the property," and that certain others of the defendants may be compelled "to pay to said company all sums of money, and the value of all property which they have acquired to themselves, or to either of them, or transferred to others, or which has been lost or wasted by their neglect or violation of

their duty as officers, directors, and managers of said company," and, further, that "a receiver of the said Commercial Service Truck Company be appointed with power to collect all unpaid subscriptions to its capital stock, etc., and to recover for the said company all other property wrongfully taken from it."

About the time the case was at issue and ready for hearing, defendant Landman petitioned the court for the appointment of a receiver. This was opposed by the complainant. The court after due consideration thereof, appointed a receiver with the usual powers. Complainant moved to set aside this order, but the motion was denied. Subsequently, this order of appointment was, by force of a stipulation, signed by all of the counsel, including the complainant, modified so as to curtail the power of the receiver. The original order of appointment vested the receivership with the power to "collect all assets of said Commercial Service Truck Company, to pay its debts, pay the expenses of said receivership, and to wind up the business of said Commercial Service Truck Company under the order of this court." The modified order entered by force of the stipulation provided that the original order should be modified "so as to eliminate therefrom the power of such receiver to pay out the assets of said Commercial Service Truck Company, or to wind up its affairs until the legal title to said assets shall be judicially determined to be in said Commercial Service Truck Company." And it was further ordered

"That such receiver may, under the order of the court, convert the assets of said Commercial Service Truck Company, which are now or may hereafter come into his possession into money, which money shall be held by said receiver until it is judicially determined that the legal title thereto is in said Commercial Service Truck Company, provided a portion of said money may be used by said receiver for the purpose of col-

lecting other assets of said Commercial Service Truck Company, under the order of the court."

Complainant then filed a motion to have this modified order set aside on the ground that the order made by the court was broader than the stipulation filed. This motion was denied, and complainant has appealed.

The point complainant makes is that the chancellor exceeded his authority in appointing a receiver of the company upon a preliminary hearing. The rule contended for by him is that:

"Courts of equity will not ordinarily, by virtue of their general equitable jurisdiction, or by virtue of their visitatorial powers over corporate bodies, sequestrate the effects of the corporation, or take the management of its affairs from its officers and commit it to a receiver, whether upon the application of creditors or of shareholders."

And he cites the following cases in support of his contention: High on Receivers, § 288; *McCombs* v. *Merryhew,* 40 Mich. 721; *Arnold* v. *Bright,* 41 Mich. 207 (2 N. W. 16) ; *Tawas, etc., R. Co.* v. *Iosco Circuit Judge,* 44 Mich. 479 (7 N. W. 65) ; *Smith* v. *Walker,* 57 Mich. 456 (22 N. W. 267, 24 N. W. 830, 26 N. W. 783) ; *Hall* v. *Wayne Circuit Judge,* 111 Mich. 395 (69 N. W. 643) ; *Lawton* v. *Richardson,* 115 Mich. 12 (72 N. W. 988) ; *Goldman* v. *Manistee Circuit Judge,* 155 Mich. 47 (118 N. W. 600) ; *Woodmansee* v. *Brick Co.,* 164 Mich. 658 (130 N. W. 311) ; *Town* v. *Car Co.,* 172 Mich. 519 (138 N. W. 338).

Counsel undoubtedly states the general rule correctly, but he overlooks an exception which is sometimes made to the general rule for the purpose of holding and preserving the assets of an insolvent corporation until a hearing is had upon the merits. *Avery* v. *Manufacturing Co.,* 27 N. J. Eq. 412; *Town* v. *Car Co., supra.* See, also, *Miner* v. *Ice Co.,* 93 Mich. 97 (53

N. W. 218, 17 L. R. A. 412). In the New Jersey case the appointment of a receiver to hold and preserve the assets of the corporation was upheld on the ground that the corporation was admittedly insolvent, with no available assets, and against which numerous suits were pending. In *Town* v. *Car Co., supra,* one of the latest cases on this subject considered by this court, it was said, after discussing the power of the court to appoint a receiver:

"Likewise the order appointing the receiver should have confined him to preservation merely of the assets of the corporation."

It is quite evident from the pleadings and the several showings made that the corporation is insolvent, and its available assets small. There is no pretense that the company was doing any manufacturing business, or attempting to do any at the time the appointment was made. It had ceased to be a going concern. The charges in the bill against the officers and directors of the company are very severe. It not only charges that they neglected the business and wasted the property of the company, but that they practiced fraud and deceit in connection with the assets of the company. It charges them with unlawfully carrying away, and permitting others to carry away, the company's property. Complainant's bill shows the need of a receiver to collect and preserve the assets, and his bill prays for one. The cross-bill of defendant Landman likewise prays for the appointment of a receiver, and none of the defendants oppose it. There is no showing that any one in interest opposes it except the complainant. The showing made in his bill appears to bring the case within the exception to the general rule. We are of the opinion, however, that the modified order should be further modified by striking out that portion of it which authorizes the receiver to convert the assets into

money. With this further modification the order will be affirmed.

The motion of the receiver to dismiss the appeal is denied. No costs will be allowed either party.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.