## The People on the relation of The Port Huron & Gratiot Railway Co. v. Selden A. Jones.

*Chancery appeals: Appealable orders: Contempt proceedings.* An order adjudging one who had been illegally appointed a receiver in a chancery cause guilty of contempt in disobeying an order of the court requiring him to restore to the defendants in said cause all things that had come to his hands as such receiver, is held appealable.

*Receiver: Void appointment: Restoration: Jurisdiction: Contempt.* The appointment of such receiver having been determined by the supreme court to be utterly void for want of jurisdiction, it was lawful and proper for the court which made the appointment, to order the property of which the defendants had thus been unlawfully deprived to be restored to them, that they might be placed as nearly in *statu quo* as the nature of things would permit; and it was competent for the court to enforce such order by proceedings as for contempt.

*Receiver: Void appointment: Restoration: Services: Compensation.* One whose appointment as such receiver has been thus finally determined by the court of last resort to be void for want of jurisdiction, is not entitled, when ordered to account for and make restoration of the property which thus came unlawfully into his hands, to retain any thing for his services as such officer.

*Heard and decided January 20.*

Appeal in Chancery from St. Clair Circuit.

PEOPLE v. JONES.

The respondent was appointed receiver in a cause pending in said circuit court in chancery, wherein one Goulden was complainant and said company and others were defendants. The order appointing him receiver was afterwards held by the supreme court *(31 Mich., 456)* to be unauthorized and without jurisdiction, and was vacated by mandamus. Thereupon the circuit judge made an order in the cause that respondent turn over and restore to the company all property, money and effects received by him as such receiver. Respondent, while acting as receiver, had been conducting the business of the company, and upon being served with this order, he made a report of the property received and still held by him, and of the moneys collected and paid out, and credited himself with about five hundred dollars as compensation for his services. The defendants in the cause excepted to this report, and insisted that the respondent had no authority to retain compensation for his services. An application was made for an attachment against him for contempt of court in disobeying its order in the premises. Upon his showing cause and claiming the right to retain the money as compensation for his services, the court ordered an attachment to issue, and upon his still refusing to comply with the order by paying over the money, he was adjudged guilty of contempt, and was committed to the county jail until he should comply with such order. The respondent thereupon appealed.

The relator, on the hearing, moved to dismiss the appeal as unauthorized.

*H. W. Stevens* and *W. T. Mitchell,* for relator.

*C. R. Brown* and *O'B. J. Atkinson,* for respondent.

PER CURIAM:

I. The order was appealable. Such an appeal was sustained in *People v. Simonson, 10 Mich., 335.*

II. The respondent's appointment as receiver having

been determined by this court to be utterly void for want of jurisdiction, it was lawful and proper for the court below, which, by making the appointment, had deprived the defendants in said cause of the lawful custody of their property, by an order that was unauthorized and void, to order the person into whose hands it had unlawfully placed it, to restore such property to the parties from whom it had been taken, and to place them as nearly in *statu quo* as the nature of things would permit. And it was competent for the court to enforce such order by proceedings as for contempt.

III. In so far as the respondent had expended the money of the company, which he had received in conducting the business, in the payment of expenses, and the salaries of employes for which the company would be holden, there being no objection urged to the allowance of these expenditures, it is proper he should be credited for them. But the charge for his own compensation was not a proper one to be allowed to come out of the fund thus collected.

Order affirmed, with costs.