## CLOSE ET AL. v. HANNIG.

(No.    .)

APPEAL from Val Verde County. Opinion by WILLSON, J.

H. C. CARTER, counsel for appellants.

JONES & JONES and J. M. COLEMAN, counsel for appellee.

§ 331. *Jurisdiction; in foreclosure suit value of property is "amount in controversy;" plaintiff's replevy bond; judgment should be rendered on, if the court is without jurisdiction of the suit.* Appellee sued appellants in

county court to recover an indebtedness of $880 and interest, and to foreclose a lien given to secure said indebtedness upon certain household furniture alleged to be of the value of $1,008.25. Appellee sued out a writ of sequestration to seize said furniture, and under said writ all but a small portion of said furniture was seized, that seized being valued by the officer who executed the writ at $999.25. Appellants failed to replevy the property seized, and appellee replevied the same. The cause was dismissed by the court for the want of jurisdiction over the amount in controversy, said amount being the alleged value of the property upon which the lien was sought to be foreclosed, and that amount exceeding $1,000. By the judgment dismissing the cause no disposition was made of the property which had been replevied by appellee, the plaintiff in the suit. Appellants, by motion, asked the court for judgment upon appellee's replevy bond for the property or its value, which motion was overruled, and said property was left in the hands of appellee. We are of the opinion that, although the court did not have jurisdiction to hear and determine the cause, it did have jurisdiction to restore to appellants their property which had been taken from them by virtue of the process of the court, or, in case said property was not returned, to adjudge that they recover of appellee and the sureties upon his replevy bond the value of said property, and for the value of the hire, rent, or revenue of the same. The suit was decided against appellee, and, he having replevied the property, the statute required that judgment for the value of said property, etc., should be rendered against him and the sureties upon his replevy bond [Sayles' Civil St., arts. 4505, 4506]; said judgment subject to be discharged in the same manner as if the property had been replevied by appellants. [Sayles' Civil St., art. 4502.] The judgment of the court below is here reformed so as to adjudge that appellants have and recover of appellee and the sureties upon his replevy

bond the sum of $999.25, the value of the property re-
plevied, and all costs.   Appellants do not claim any hire,
rent or revenue for said property.

January 22, 1890.                    Reformed and rendered.