Texas Land & Irrigation Company v. H. M. Sanders et al.

No. 1847.   Decided June 24,.1908.

**1.—Jurisdiction—Amount in Controversy—Dismissal—Restoring Status.**

Where a suit is dismissed, on the amount in controversy being found to be beyond the jurisdiction of the court, after the possession of the property has been changed by the proceedings, it remains in the power of the court to undo the wrong committed and restore the original status by requiring the surrender of the property, or of its proceeds if sold, to those from whom it was taken.   (Pp. 618, 619.)

**2.—Same—Case Stated.**

In a suit for possession of rice claimed from the growers by an irrigation company under a contract for part of the crop, the defendants were compelled by a mandatory injunction to deliver possession of the rice to plaintiffs. who thereupon sold it; afterwards, on defendant's plea in abatement the suit was dismissed because the amount in controversy, the value of the property, was beyond the jurisdiction of the County Court.   Held that it was within the power of the court to require the return by plaintiff of the proceeds of the rice to the several defendants who had been compelled to surrender it, though its value exceeded $1,000, the limit of the court's jurisdiction.   (Pp. 617–619.)

**3.—Same—Several Claimants—Judgment.**

Such judgment properly directed the restoration to each of the defendants of the proceeds of the part of the property claimed by him.   (Pp. 619, 620.)

Questions certified from the Court of Civil Appeals for the First District, in an appeal from Austin County.

*C. R. Johnson* and *W. A. Matthaei,* for appellants (*A. Chesley* on brief in the Court of Civil Appeals).—The court having found that it had no jurisdiction to try this cause, any judgment that it might attempt to render or order that it might attempt to make is a mere nullity and may not only be set aside at any time by the court in which such judgment was rendered or order made, but such judgment or order may be declared to be void by every court in which it is presented.   17 Am. & Eng. Enc. of Law (2d ed.), 1046; also Id., Supplement, vol. 3, p. 864, note 2.

*Brown, Carothers & Brown,* for appellees.—Where a court enters an erroneous order and issues erroneous process in a suit, by which erroneous order and process property is taken from the defendant and delivered into the possession of the plaintiff, the trial court, upon setting aside said erroneous order and process, has an inherent power to compel the plaintiff to restore to the defendant the

property so obtained, or its equivalent,—and the fact that the court acted without its jurisdiction in entering said order and in entertaining plaintiff's suit, does not affect the right of the court to order restitution, as such right does not depend upon the question of jurisdiction.   Close v. Hannig, 17 S. W. Rep., 350; Northwestern Fuel Co. v. Brock, 139 U. S., 216; Morris' Cotton, 8 Wall. (U. S.), 507; Brown v. Van Cleave, 21 S. W. Rep., 756; Chamberlain v. Choles, 35 N. Y., 477; Reynolds v. Harris, 14 Cal., 668 (approved in Petticolas v. Carpenter, 53 Texas, 23); Lake Shore Ry. v. Taylor, 134 Ill., 603; 1 Beach on Injunctions, p. 348, par. 343; Wells on Jurisdiction of Courts, sec. 14; 18 Enc. of Pleading & Practice, pp. 872, 874, 889 (2); Ex parte Walter Bros., 89 Ala., 237, 18 Am. St. Rep., 103.

Mr. Justice Brown delivered the opinion of the court.

Certified question from the Court of Civil Appeals for the First Supreme Judicial District, as follows:

"This case is pending before us on appeal.   The Texas Land and Irrigation Company, appellant, brought this suit against H. M. Sanders, L. M. Sanders and J. W. Sanders, appellees, to recover one-fifth of the rice raised by appellees during the year 1905, under a contract wherein appellant contracted to furnish water to irrigate the crop and appellee jointly agreed to pay to it therefor one-fifth of all the rice raised by them.   Appellant alleged the value of the one-fifth to be $960.   Upon an allegation that appellees had repudiated the contract and its right to one-fifth of the crop and were preparing and threatening to sell the entire crop, which appellant alleged they would do unless restrained, appellant sought and obtained from the county judge of Austin County what is termed a mandatory writ of injunction, requiring appellees to deliver to appellant one-fifth of the rice raised by them during said year.   Appellees filed and presented their motion to dissolve the injunction which on a hearing was refused.   They then, in compliance with the order of the judge, delivered to appellant one-fifth of the rice crop, amounting to 325 sacks, of value more than $1,000.   Thereafter appellees filed a plea in abatement alleging that the amount in controversy was beyond the jurisdiction of the County Court, and that the value of the rice stated in the petition to be $960 was fraudulently alleged in order to confer jurisdiction on that court.   When the case was called for trial all the parties appeared, and the court having heard evidence upon the plea in abatement, sustained the plea and dismissed the suit of appellant, and in the same order and evidently for the purpose of placing the parties in *statu quo* (the rice having been sold by appellant in the meantime) rendered judgment against appellant and in favor of each of the appellees for the value of the rice each had delivered to appellant under the order of the court, the aggregate of the amounts being $1,218.75.

"By an appropriate assignment of error appellant questions the right of the County Court to render the judgment against it because it had been ascertained by evidence offered in support of the plea

in abatement that the value of the rice it had received and sold was an amount beyond the jurisdiction of the court and the judgment against appellant being for more than one thousand dollars was beyond the jurisdiction of said court to render. On the other hand, the appellees contend that while the County Court correctly refused to entertain appellant's suit and there was no error in dismissing it, that having unlawfully taken the rice from the appellees, the court had the power to order restitution and thereby place the parties in *statu quo,* notwithstanding the value of the rice was of such amount as to deprive the court of jurisdiction to hear and determine the controversy, and that inasmuch as appellant had sold, and therefore could not return the specific rice received by it, the court correctly rendered judgment against appellant for its value.

"On motion of the appellees we have deemed it wise to certify the following additional facts for your consideration in connection with the last of the two questions below stated.

"1.   The value of the rice taken was fixed by appellant's own witnesses at $3.25 per sack and this valuation was accepted by the court as correct.

"2.   The lower court gave judgment in favor of H. M. Sanders for the value of 184 sacks of rice, in favor of L. M. Sanders for the value of 106 sacks of rice, and in favor of J. W. Sanders for 85 sacks of rice. These parties owned their rice severally and there was no joint ownership whatever, each party owning individually the number of sacks above set out. The damage which each of the said parties suffered by reason of the injunction was a several damage and not a joint damage.

"Under the foregoing facts we deem it wise to certify to you the following questions:

"1.   Did the court have jurisdiction to render the judgment against appellant?

"2.   Was the judgment properly rendered against appellant under the facts stated?"

------

We answer both questions in the affirmative.

Although the court had no jurisdiction to try the original suit, yet, having entered an order in that suit whereby the plaintiff acquired possession of property which belonged to or was in the possession of the defendants therein, the court that committed the error by issuing the mandatory injunction had jurisdiction to restore the property, wrongfully taken, to the possession of the persons from whom it was so taken. Northwestern Fuel Co. v. Brock, 139 U. S., 216; Morris' Cotton, 8 Wall., 507; Ex parte Morris & Johnson, 9 Wall., 605; Lake Shore, etc., Ry. Co. v. Taylor, 134 Ill., 603; Hiler v. Hiler, 35 Ohio St., 645; Chamberlain v. Choles, 35 N. Y., 477; Close v. Hannig (Ct. of App.), 17 S. W. Rep., 350; Brown v. Van Cleave (Ky. Ct. of App.), 21 S. W. Rep., 756.

In the case of Northwestern Fuel Company v. Brock, above cited, the court said:

"But here the jurisdiction exercised by the court below was only to correct by its own order, that which, according to the judgment

of its Appellate Court, it had no authority to do in the first instance; and the power is inherent in every court, whilst the subject of controversy is in its custody, and the parties are before it, to undo what it had no authority to do originally, and in which it, therefore, acted erroneously, and to restore, as far as possible, the parties to their former position. Jurisdiction to correct what had been wrongfully done must remain with the court so long as the parties and the case are properly before it, either in the first instance or when remanded to it by an appellate tribunal. . . .

"We are of opinion that the proceeding to enforce the restitution in the cases mentioned is under the control of the court, and that all needed inquiry can be had to guide its judgment in a summary proceeding upon motion of the parties, the only requisite being that the opposite party shall be heard, so that in directing restitution no further wrong be committed. The restitution is not made to depend at all upon the question whether or not the court rendering the judgment reversed acted within or without its jurisdiction."

In Ex parte Morris & Johnson, above cited, the Supreme Court of the United States held that the District Court of the United States had no authority to entertain a suit to condemn cotton claimed to be liable to confiscation and the persons against whom the proceeding was entered having paid the amounts assessed against them under such order, upon reversal of that judgment it was the duty of the trial court to cause a restitution to be made of the amounts paid by each of the parties. Mr. Justice Swayne said: "The duty of the District Court is simple and obvious, and its power ample. The mandate of this court must be obeyed as far as practicable. All the distributees within reach of the territorial jurisdiction of the court, except the United States, must be required by the proper order to refund what they have received. If they fail to do so, they should be dealt with promptly, by attachment for contempt. This will in no wise interfere with any other remedy to which the petitioners may be entitled, except that they can not be paid twice."

The County Court, having authority and it being its duty to make restitution to the defendants in the original suit of that which had unlawfully been taken from them, had the power and in the exercise of that authority correctly entered judgment against the plaintiff in that proceeding for the value of the property which had been taken and appropriated by it. If the Irrigation Company had kept the rice in its possession until the County Court took action for restitution there would have been no difficulty about the matter and each party would have received the number of sacks of rice that he had been compelled to deliver to the plaintiff. It can make no difference that the property itself can not be restored, but the court will do that which is equivalent by giving a judgment against the party at whose instance the wrong was done for the value of the property so unlawfully taken. The evidence showed the number of sacks of rice that each one of the defendants delivered under the order of the court and its value, therefore, the court properly entered judgment in favor of each one for the value of the rice delivered by him. We can see no reason why the judgment should not have been en-

tered in favor of each one of the parties for the wrong done by the unlawful proceeding was inflicted upon each separately and constituted individual injury. The right of restitution did not depend upon the original contract and it matters not whether that was joint or several, it can have no influence upon the remedy to which these parties were entitled.