THE HON. WILLIAM L. HOLLOWAY,  
THE HON. ALBERT J. GALEN,  
THE HON. ALBERT P. STARK,  
'THE HON. JOHN A. MATTHEWS,  
} Associate Justices.

---

DOGGETT, RESPONDENT, *v.* JOHNSON, APPELLANT.

(No. 5,608.)

(Submitted February 16, 1925. Decided March 6, 1925.)

[234 Pac. 252.]

*Receivers — Improper Appointment — Landlord and Tenant — Unlawful Detainer—Jurisdiction—Equity.*

Receivers—When Appointment Proper.
1. Receivership is an extraordinary provisional remedy of ancillary character, allowable only in an action pending for some other purpose; the power of appointment should be exercised with unusual caution and only to prevent manifest wrong imminently impending, or where the case shows clearly that the complaining party is in danger of suffering irreparable loss and there is no other plain, speedy or adequate remedy.
Same—Unlawful Detainer—Improper Appointment of Receiver.
2. *Held,* that the action in unlawful detainer itself afforded plaintiff landlord speedy and adequate relief against the unlawful hold-

---

1. When appointment of receiver proper, see note in 72 **Am. St. Rep.** 29.

(443)

ing over by his tenant, and that therefore the appointment of a receiver therein was unwarranted.

Unlawful Detainer—District Courts—Jurisdiction.

3. In forcible entry and detainer cases the district court has no equitable jurisdiction.

*Appeal from District Court, Broadwater County, in the Fourteenth Judicial District; H. J. Miller, Judge of the Sixth District, presiding.*

ACTION by Jefferson D. Doggett against John H. Johnson and others. From an order appointing a receiver defendants appeal. Reversed.

*Mr. Frank W. Mettler,* for Appellant, submitted a brief and argued the cause orally.

*Mr. E. T. Hooks, Mr. Jos. R. Wine* and *Mr. Wm. Scallon,* for Respondent, submitted a brief; *Mr. Scallon* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

In April, 1923, plaintiff and his wife leased to the defendants certain lands in Broadwater county, with an option to purchase the same during the term of the lease which was to end on March 1, 1924, unless sooner terminated by the acts of the parties. As the defendants did not avail themselves of the option that subject is not in controversy. It was stipulated expressly that the lessees should yield the quiet and peaceable possession of the premises "within five days after the expiration of this lease, whether by expiration of the term, or by forfeiture, on five days' written notice thereof." On March 6, 1924, defendants still being in possession of the premises, plaintiff served upon them a notice in which he demanded that they "quit the said premises and yield the quiet and peaceable possession thereof within three days from and after the date of this notice." When the defendants did not yield the

plaintiff on March 11 began this action for the restitution of the premises and for damages for the rents and profits thereof, which were alleged to be $150 per month, praying that the damages be trebled. Summons having been served upon the defendants, on March 17 they appeared by, demurrer which challenged the sufficiency of the complaint. Five days later the plaintiff filed in the action an application for the appointment of a receiver in which he recited that the cause was commenced on March 11, that it "is an action in unlawful detainer and the complaint in said action alleges that the defendants and all of them are holding over after the expiration of the term of a written lease for the premises therein described," that, although on March 6 the plaintiff gave the defendants three days' notice to quit the premises they continued in possession. Summarized, the grounds of plaintiff's application are that the defendants are insolvent; that they have neither funds nor horses, machinery nor tools with which to farm the lands, but nevertheless they propose to hold possession of the same during the cropping season of 1924; that the "said defendants do not intend and cannot put in a crop on said premises for the season of 1924, but intend to and will, if permitted to do so, let the said premises lie idle during the said season and grow up to weeds instead of valuable crops; that said defendants have permitted the improvements on said premises to deteriorate and the said premises to fail into a lamentable state of disrepair" to the great damage and injury of the plaintiff, and will continue to do so if permitted; that the plaintiff is the owner and holds the record title of the premises, and the withholding of possession thereof from him during the season of 1924 will work irreparable damage to him in that there will be no crops of hay or grain planted, cultivated, harvested or marketed during that season, to his damage in the sum of $2,000, which, owing to the financial condition of the defendants, cannot be recovered from them; that plaintiff has no plain, speedy and adequate remedy at law or in equity other than the appointment of a receiver to

lease the premises for the season of 1924; that the cropping and seeding season is almost at hand and it is necessary, if the land be cropped for the said season, that the premises be leased immediately and the lessee placed in possession thereof.

Notice of motion for the appointment of a receiver having been served upon counsel for defendants, they made a special appearance—at least they denominated their appearance as special—in which they objected to the appointment upon a number of grounds.

At the time fixed for the hearing the defendants did not appear. The court received evidence from plaintiff and thereupon made an order appointing a receiver to take possession of the premises and to "either operate the same during the season of 1924 or lease the same to some fit and proper person on a crop basis, and upon the best terms obtainable, and to account to this court for the net proceeds of said premises during the said season." From this order the defendants have appealed.

We shall not stop to consider the sufficiency of the notice of hearing given the defendants, for in view of the result reached that matter is not of any importance.

Nor shall we pass upon the sufficiency of the notice to quit which plaintiff gave defendants before beginning the suit. That may or may not become a material issue in the main cause and we do not desire to express an opinion now which may be understood as foreclosing the inquiry. Upon this appeal as will appear presently defendants are entitled to prevail regardless of whether there is merit in their contention respecting the sufficiency of the notice to quit.

Originally the appointment of a receiver was part of the [1] jurisdiction of equity. While in this state the subject is covered by statute, it must be conceded that unless the instant case falls within the provisions of subdivision 6 of section 9301, Revised Codes of 1921—a receiver may be appointed by the court in which an action is pending in all cases "where receivers have heretofore been appointed by the

[72 Mont. 443.]

usages of courts of equity''—the receiver should not have been appointed. Receivership is an extraordinary provisional remedy of ancillary character, allowable only in an action pending for some other purpose. (*Lyon* v. *United States Fidelity & Guaranty Co.,* 48 Mont. 591, Ann. Cas. 1915D, 1036, 140 Pac. 86; *Hartnett* v. *St. Louis M. & M. Co.,* 51 Mont. 395, 153 Pac. 437.)

The power to invoke this remedy whereby property is to be ''taken into the possession of the court is to be exercised sparingly, with unusual caution, and only to prevent manifest wrong imminently impending, or where the case shows clearly that the complaining party is in danger of suffering irreparable loss, and there is no other plain, speedy or adequate remedy.'' Such is the language of this court in *Montana Ranches Co.* v. *Dolan,* 53 Mont. 397, 164 Pac. 306, in which the rule announced in *Hickey* v. *Parrot S. & C. Co.,* 25 Mont. 164, 64 Pac. 330, is approved. In the *Dolan Case* the court also observed: ''Because of the extraordinary harshness of the remedy, courts of equity have ever been reluctant to apply it. If the applicant has any other adequate remedy, the application will be denied.'' (High on Receivers, sec. 555.)

Sufficient notice to quit having been given defendants, the [2] action of unlawful detainer would have provided plaintiff an adequate remedy. That action, summary in character, is specially designed to afford a landlord speedy relief against a tenant who is guilty of an unlawful holding over. It was thus designed to obviate the delays incident to actions for the possession of real estate in which title to the premises is involved, as was pointed out in *Cashman* v. *Vickers,* 69 Mont. 516, 223 Pac. 897.

In this case we have presented this anomalous situation: In a summary action in which title may not be inquired into, the plaintiff in an attempt to invoke an ancillary remedy of a summary character rests his application (wherein he prays the interposition of equity) upon his title to the subject matter of the suit. This cannot be.

It cannot be for another reason. By the Constitution **[3]** justices' courts are given concurrent jurisdiction with district courts in cases of forcible entry and unlawful detainer (Art. VIII, sec. 21), which necessarily implies that in those cases a district court has precisely the same authority as has a justice's court, and it follows necessarily, also, that in those cases a district court may not exercise any of its equitable powers.

Still another query arises: If the receiver were appointed, what means of getting possession of the premises would he have superior to those available to the plaintiff?

Whether the evidence given by plaintiff in support of his application for a receiver would have been sufficient to warrant an appointment in a proper case we need not determine. It is clear that in the instant case the appointment was not warranted.

The order appealed from is reversed.

*Reversed.*

ASSOCIATE JUSTICES HOLLOWAY and STARK and HONORABLE C. W. POMEROY, District Judge, sitting in place of MR. JUSTICE MATTHEWS, disqualified, concur.

MR. JUSTICE GALEN, being absent on account of illness, did not hear the argument and takes no part in the foregoing decision.

Rehearing denied March 21, 1925.