DOGGETT, APPELLANT, *v.* JOHNSON ET AL., RESPONDENTS.

(No. 6,104.)

(Submitted June 3, 1927.   Decided June 24, 1927.)

[257 Pac. 267.]

*Receivers—Lack of Jurisdiction to Make Appointment—Power of Court to Correct Wrong—Compensation of Receiver—By Whom Payable.*

Receivers—Lack of Jurisdiction to Appoint—Order Subject to Collateral Attack.
1.   Where the district court was without jurisdiction to appoint a receiver, its order may be attacked or disregarded whenever it comes collaterally in question.

Courts Acting Without Jurisdiction may Correct Wrong, When—Wrongful Appointment of Receiver—Power of Court to Order Moneys Collected to be Turned Over to Owner.
2.   Under the rule that where a court has exercised jurisdiction which it did not possess, it has power to correct any wrong which may have resulted therefrom by undoing what was done, so long as the subject of the controversy is in its custody and the parties are before it, *held*, that where the court was without jurisdiction to appoint a receiver who as such collected funds rightfully belonging to defendants in the action it had the power to order restitution to defendants, the action being still pending before it.

Receivers—Compensation Payable by Party Procuring Wrongful Appointment.
3.   While a receiver who has acted under a void order of appointment may be allowed out of the receivership funds for expenses which would necessarily have been incurred in the care and management of the property had no receiver been appointed, all expenses which were the direct result of the wrongful receivership, such as the receiver's salary, are chargeable to the party procuring his appointment.

[1, 2]   Courts, 15 C. J., sec. 177, p. 854, n. 1, 2.   Receivers, 34 Cyc., p. 168, n. 42, 44 New.
[3]   Receivers, 34 Cyc., p. 368, n. 53, 58, p. 369, n. 59.

*Appeal from District Court, Broadwater County, in the Fourteenth Judicial District; B. B. Law, Judge of the Ninth District, Presiding.*

1.   See 23 R. C. L. 44.
3.   Compensation of receiver improperly appointed, see notes in 13 Ann. Cas. 1161; 25 L. R. A. (n. s.) 412.   See, also, 23 R. C. L. 106.

ACTION by Jefferson Doggett and others against John H. Johnson and others. From an order directing a receiver to turn over funds to defendants, the named plaintiff appeals. Order modified.

*Mr. Frank T. Hooks,* for Appellant, submitted an original and a reply brief and argued the cause orally.

*Mr. F. W. Mettler,* for Respondents, submitted a brief and argued the cause orally.

HONORABLE THEODORE LENTZ, District Judge, sitting in place of MR. JUSTICE MATTHEWS, disqualified, delivered the opinion of the court.

This is an appeal by plaintiffs from an order of the lower court directing one Al. Wright to turn over to the defendants $1,676.30, received as rents from certain lands taken from the possession of the defendants and held by him while purporting to act as receiver.

On March 11, 1924, plaintiffs brought an action in unlawful detainer, seeking to recover the possession of certain lands then occupied by the defendants in Broadwater county. Defendants appeared by demurrer and challenged the sufficiency of the complaint. Thereupon the court, on April 14, 1924, appointed a receiver, with instructions to take the lands in question from defendants' possession and cultivate them himself, or rent them on a crop basis, pending the disposal of the action. The receiver rented the lands to one Nilson, receiving in return one-fourth of the crop raised thereon for the year 1924, which he sold for $1,826.30.

In the meantime the defendants appealed from the order appointing the receiver. After due consideration it was decided by this court on March 25, 1925, that the order was void for lack of jurisdiction. (*Doggett* v. *Johnson,* 72 Mont. 443, 234 Pac. 252.) The defendants then applied to the lower court for an order requiring the receiver to report and to turn over

to them all funds derived from the rental of the lands which he had taken from their possession. In response to the court's order, the receiver reported that he had in his hands the $1,826.30 derived from the sale of the grain and hay received as rental of the lands while in his possession, and asked for direction of the court as to its disposal. After a hearing in which both plaintiffs and defendants appeared and filed briefs and evidence was produced, the court allowed the receiver $150 out of the fund as his compensation and ordered him to turn over to the defendants the balance of $1,676.30.

In their appeal plaintiffs have presented the single question, [1, 2] Did the court have the power or the jurisdiction to order the receiver to pay the rentals collected by him to the defendants? Plaintiffs earnestly contend that, this court having held that the lower court was powerless to appoint a receiver in the first place, through lack of jurisdiction, it follows as a matter of course that it is likewise powerless to make any subsequent orders in any way affecting the person named as receiver or the funds held by him; that the order being void *ab initio* and subject to collateral attack, all subsequent proceedings in any way connected therewith, including the order appealed from, are likewise void and of no effect.

The law is well settled that, where the court is without jurisdiction to appoint a receiver, the order may be attacked or disregarded whenever it comes collaterally in question. (24 Cyc. 168.) In *State ex rel. Johnston* v. *District Court*, 21 Mont. 155, 69 Am. St. Rep. 645, 53 Pac. 272, it was held that the district court was powerless to punish for contempt a person not a party to the action who refused to turn over certain funds to one who had collected and deposited the same while acting as receiver under an order of appointment void for lack of jurisdiction to make it.

Nevertheless it has been generally held that, where a court has erroneously exercised jurisdiction which it did not possess, it has power to correct any wrong which may have resulted from such improper action by undoing what was done,

so long as the subject of the controversy is in its custody and the parties are before it. (*Northwestern Fuel Co.* v. *Brock,* 139 U. S. 216, 35 L. Ed. 151, 11 Sup. Ct. Rep. 523 [see, also, Rose's U. S. Notes]; *Texas Land & Irr. Co.* v. *Sanders,* 101 Tex. 616, 111 S. W. 648; *People* v. *Jones,* 33 Mich. 303; *Close* v. *Hannig* (Tex. Sup.), 17 S. W. 350; *Brown* v. *Vancleave,* 14 Ky. Law Rep. 821, 21 S. W. 756; 15 C. J. 854, and notes.)

In *Northwestern Fuel Co.* v. *Brock,* supra, plaintiff recovered a judgment in the circuit court, which was later reversed by the supreme court for lack of jurisdiction to entertain the action. In the meantime plaintiff collected a considerable sum from the defendant on execution. When the cause was remanded, the circuit court entered a judgment against the plaintiff and in favor of the defendant for the amount that had been collected on the void judgment. On the second appeal it was contended that since the circuit court had no jurisdiction to entertain the action in its inception, its judgment of restitution was likewise void. The court said: "But here the jurisdiction exercised by the court below was only to correct by its own order, that which, according to the judgment of its appellate court, it had no authority to do in the first instance; and the power is inherent in every court, whilst the subject of controversy is in its custody, and the parties are before it, to undo what it had no authority to do originally, and in which it; therefore, acted erroneously, and to restore, as far as possible, the parties to their former position. Jurisdiction to correct what had been wrongfully done must remain with the court so long as the parties and the case are properly before it, either in the first instance or when remanded to it by an appellate tribunal. * * * We are of opinion that the proceeding to enforce the restitution in the cases mentioned is under the control of the court, and that all needed inquiry can be had to guide its judgment in a summary proceeding, upon motion of the parties, the only requisite being that the opposite party shall be heard, so that in directing restitution no further wrong be committed. The restitution is not made to

depend at all upon the question whether or not the court rendering the judgment reversed acted within or without its jurisdiction.''

In *Texas Land & Irr. Co.* v. *Sanders,* supra, where a county court erroneously and without jurisdiction by a mandatory injunction required defendants to deliver to plaintiff one-fifth of a crop of rice, which plaintiff sold for more than $1,200, it was held that the court had jurisdiction on further hearing to require plaintiff to pay to defendants the money received from the sale of the rice.

In *People* v. *Jones,* supra, the court said: "The respondent's appointment as receiver having been determined by this court to be utterly void for want of jurisdiction, it was lawful and proper for the court below, which, by making the appointment, had deprived the defendants in said cause of the lawful custody of their property, by an order that was unauthorized and void, * * * to restore such property to the parties from whom it had been taken, and to place them as nearly in statu quo as the nature of things would permit and it was competent for the court to enforce such order by proceedings as for contempt.''

From the foregoing we conclude that the lower court had the power and authority to make the order complained of. Defendants, however, as a cross-assignment of error, complain of the action of the court in allowing the receiver $150 out of the funds as his compensation. This action of the court, we think, was error.

A receiver who has acted under a void order of appointment [3] may be allowed out of the receivership funds for expenses that would necessarily have been incurred in the care and management of the property, had no receiver been appointed, but all expenses that were the direct result of the wrongful receivership, such as the receiver's salary, should be charged to the party procuring the appointment. Such expenses should be regarded as incurred in consequence of an error at his instance. (*Hickey* v. *Parrot S. & C. Co.,* 32 Mont. 143, 108 Am.

St. Rep. 510, 79 Pac. 698; *People* v. *Jones,* supra; *Ogden City*
v. *Bear Lake & River Water Works & Irr. Co.,* 18 Utah, 279, 55
Pac. 385; 34 Cyc. 367.) In this case the defendants, as the
record now appears before us, are entitled to restitution of
the entire fund, and plaintiffs should be required to pay the
$150 allowed the receiver as salary. The order complained
of will be modified accordingly, and, as so modified, affirmed.

So far as this record shows, the original action may be still
pending and undetermined. If such is the case, nothing said
herein is intended to in any way indicate which party should
or may prevail when the said action is tried on the merits.

*Order modified.*

ASSOCIATE JUSTICES MYERS, STARK and GALEN concur.

MR. CHIEF JUSTICE CALLAWAY, concurring spe-
cially: I agree with all that is said in the foregoing opinion
except that which gives approval to the order directing the
receiver to turn over the sum of $1,826.39 to the defendants.
I concede there is authority for this order; probably no direct
authority can be found to the contrary. But it seems ap-
parent that a manifest injustice may thus be done to the plain-
tiffs. It is true that they set in motion the proceedings which
caused the court wrongfully to appoint the receiver who took
possession of the premises without legal authority (under a
void order). It is argued, and with force, that therefore
plaintiffs should not be heard to complain over what they
brought to pass. It is true that the receiver had no right to
hold possession of the premises and has no right to the usufruct
thereof, but should any part of the usufruct be paid to the de-
fendants? They were entitled to the possession of the land
as against the receiver, but were they as against the plain-
tiffs? It may be that the plaintiffs, when the action was
begun, were entitled to the possession of the premises, which
the defendants were detaining unlawfully. If the plaintiffs
were entitled to the possession of the premises and the defend-

ants were not, the defendants are not entitled to the usufruct of the land or any part thereof.

It may be, as the court recited in the order appointing the receiver, that the defendants were not financially able to conduct farming operations upon the premises for the season of 1924, had no farm implements, machinery, horses or tools for the production of a crop, and could not and would not have cropped or worked the premises for the season of 1924 if left in possession thereof. If the facts are as the court found them to be, it is difficult to see how the defendants are entitled to the money in question.

In *Northwestern Fuel Co.* v. *Brock,* supra, the court held that the lower court had the authority to correct that which it had no authority to do in the first instance and to do so in a summary proceeding, "upon the motion of the parties, the only requisite being that the opposite party shall be heard, so that in directing the restitution no further wrong be committed." If, in the situation presented, but one order lawfully can be made, why give the opposite party opportunity to be heard? Hearing him would be mere lost motion.

It seems to me that a proper order, so that no further wrong be committed, would be to restore the possession of the premises to the defendants, and to order the money into the possession of the clerk of the court to await the final disposition of the action. Thus the plaintiffs would not gain anything by their wrong, for if they do not prevail in the action they will not be entitled to the money. If the defendants were not entitled to the possession of the premises when the action was commenced, they will not be entitled to the money. Suppose the money is paid to the defendants, who, let us suppose, are insolvent, and it is found that the defendants were not entitled to it, of what avail will be a judgment declaring the plaintiffs entitled to the money? It is said that if this action be taken, the court will be impounding the very money which it has determined the receiver, as agent of the court, could not impound. But this must be upon the assumption that the de-

fendants were entitled to the possession of the premises as against the plaintiffs as well as against the receiver. If the defendants were not entitled to the premises as against the plaintiffs, they are not entitled to the money. So it seems to me that more equal justice would be administered if the moneys were impounded to await the result of the action, when those justly entitled to the money will receive it.

Rehearing denied July 7, 1927.