DOGGETT ET AL., PLAINTIFFS, *v.* JOHNSON ET AL., RESPONDENTS; WRIGHT, APPELLANT.

(No. 6,247.)

(Submitted February 15, 1928.  Decided March 3, 1928.)

[265 Pac. 673.]

*Receivers—Annulment of Appointment—Conflicting Claims to Receivership Funds—Interpleader—Appeal.*

Receivers—Annulment of Appointment—Conflicting Claims to Receivership Funds—Interpleader Action—Subsequent Order to Pay Over Money—Order to Show Cause—Interpleader Action Triable First. 1.  While a receiver, improperly appointed, as such had funds in his possession they were garnisheed.  Thereafter the order appointing him was annulled and he was directed to pay the money over to the defendant in the receivership proceeding.  Instead of obeying the order he deposited it with the clerk of court and brought an action praying that the parties claiming it be required to litigate their conflicting claims as to its ownership.  The assignee of the party to whom the money was ordered turned over petitioned for an order to show cause why the former receiver should not be required to pay it over to him.  After hearing of the order to show cause the court ordered that it be so paid.  *Held,* that upon being advised of the pendency of the interpleader action the court should have discharged the order to show cause and directed the parties to proceed with that action.

Same—When Receivership Funds No Longer in Custodia Legis—Garnishment. 2.  Where on appeal in a receivership proceeding the appointment of a receiver was held void and thereafter by order of the district

---

2.  Garnishment of property in hands of receiver, see note in 15 Ann. Cas. 131. Right to attach funds in hands of officer of court after he has been ordered to pay the same to the party, see notes in 13 L. R. A. (n. s.) 758; 30 L. R. A. (n. s.) 720. See, also, 12 R. C. L. 808.

court he was directed to pay moneys collected by him in his official capacity to defendant in that proceeding, which order was not at once obeyed, the moneys were no longer *in custodia legis* but subject to garnishment by a creditor of the one to whom they were ordered paid.

Same—Interpleader—When Payment of Money into Court Unauthorized—Clerk Becomes Bailee.

3. One bringing an interpleader action under the second clause of section 9087, Revised Codes 1921, which does not provide for payment of money in his possession to which conflicting claims are made, into court, does not relieve himself of responsibility by placing it in the clerk's hands; if he does so and the clerk receives it, it is not in the latter's official custody, and by receiving it without authority so to do, the clerk becomes a mere bailee for the depositor.

Same — Appeal — Removed Receiver not Required to Ask Leave of Court.

4. After annulment of the appointment of a receiver as improperly made for moneys collected by him in his official capacity he was personally responsible; not being any longer receiver he was not required thereafter to ask permission of the court for leave to take an appeal from an order directing him to turn over receivership funds ownership of which he had asked to be determined in his interpleader action; as an aggrieved party he was entitled to appeal on his own accord.

Same—Appeal—Who not Aggrieved Parties—Notice of Appeal.

5. Parties plaintiff in a receivership proceeding whose interests were foreclosed on appeal to the supreme court and who could not have any interest whatever in a subsequent order requiring the removed receiver to pay over money collected by him during the receivership to defendant in that proceeding were not parties aggrieved, and therefore on appeal from such order by the former receiver he was not required to serve notice of appeal on them.

---

[1]    Receivers, 34 Cyc., p. 161, n. 13.
[2]    Interpleader, 33 C. J., sec. 19, p. 436, n. 11.
[3]    Interpleader, 33 C. J., sec. 33, p. 451, n. 23, 37.
[5]    Appeal and Error, 3 C. J., sec. 1319, p. 1217, n. 3.

*Appeal from District Court, Broadwater County, in the Fourteenth Judicial District; B. B. Law, Judge of the Ninth District, presiding.*

ACTION by Jefferson D. Doggett and another against John H. Johnson and others. From an order requiring Al Wright,

---

3. Garnishment of money in custody of officers, see note in 55 Am. Dec. 264. See, also, 13 Cal. Jur. 5, 6.

4. Who may appeal as an injured or interested party, see note in 119 Am. St. Rep. 740. See, also, 2 Cal. Jur. 217; 22 Cal. Jur. 518, 519, 2 R. C. L. 49.

as receiver, to pay funds held by him to the assignee of John H. Johnson, Wright appeals.   Order reversed.

*Mr. William Scallon* and *Mr. F. T. Hooks,* for Appellant, submitted an original and a supplemental brief; *Mr. Scallon* argued the cause orally.

*Mr. F. W. Mettler,* for Respondents, submitted an original and a reply brief and argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This controversy arose out of what was done following the decision of this court in *Doggett* v. *Johnson,* 72 Mont. 443, [1]   234 Pac. 252.   It will be remembered that in that case we held void an order of the district court made March 11, 1924, appointing a receiver.   After the remittitur went down the receiver reported that he had in his hands the sum of $1,826.30.   The court allowed Wright, the receiver, $150 as compensation and directed him to pay the remainder, $1,676.30, to the defendant John H. Johnson, or his order.   This was upon November 22, 1926.

On December 2, 1926, and while Wright still had possession of the money, the State Bank of Townsend commenced an action against John H. Johnson and others to recover the sum of $2,076.75, together with attorney's fees.   Ancillary to the action the bank procured the issuance of a writ of attachment, which was placed in the hands of the sheriff.   Pursuant to the writ the sheriff levied upon and attached the sum of $1,676.30 in Wright's hands.

On December 8, 1926, F. W. Mettler placed in the hands of the sheriff a writing directed to Al Wright, receiver, wherein demand was made that Wright forthwith pay to the sheriff $1,676.30, as required by the court order dated November 22, 1926.   A copy of the order was attached.   There was also at-

tached a copy of a document dated March 12, 1925, signed by John H. Johnson, whereby Johnson purported to sell, assign and transfer to Mettler all of Johnson's right, title and interest "in and to all moneys or other property now in, or which may hereafter come into, the hands of Al Wright, of Townsend, Montana, as receiver in the case of *Doggett* v. *Johnson et al.,* being case No. 1493, of the records of the district court of Broadwater county, Montana."

On the day the demand was served upon Wright he deposited the amount claimed by Mettler with the clerk of the court, who issued a receipt, which reads in part as follows: "Received of Al Wright, receiver, $1,676.30 Trust Funds in Case No. 1493, Jefferson D. Doggett vs. John H. Johnson et al., to be distributed when and as directed by the Judge of this Court."

On December 27, 1926, Mettler filed an affidavit entitled in Case No. 1493, in which he set forth that he then was and at all times mentioned had been the attorney for John H. Johnson; that the court had made the order of November 22, 1926; that Johnson had executed and delivered to him the assignment above mentioned; that he, Mettler, had, on December 8th, demanded that Wright pay to him the sum of $1,676.30 in accordance with the court order and the assignment of March 12, 1925; that Wright had wrongfully, unlawfully and wilfully refused to pay the same, or any part thereof, but instead had paid the same to the clerk of the court "who now holds the same subject to the order of the court and has refused, upon demand made upon him by affiant, to pay the same or any part thereof, to affiant." Affiant then prayed that an order to show cause be issued directed to Wright and to the clerk of the court to show cause why they should not pay the money to affiant. On March 4 the court issued the order, directed to Wright, fixing March 11, 1927, as the day for hearing.

On the day fixed for the hearing Wright answered. He admitted the rendition of the court order, but did not admit its

validity; denied that he had any knowledge or information
sufficient to form a belief as to whether Johnson had executed
the instrument dated March 12, 1925; admitted that Mettler
had made a demand upon him for the money; alleged that
Mettler had been adjudged a bankrupt on July 14, 1926, and
therefore denied that Mettler had any right, title or interest in
the money; alleged the commencement of the action by the
State Bank of Townsend against Johnson and others, the ser-
vice of the writ of attachment upon himself, and that after the
service thereof he had deposited the money with the clerk of
the court. He alleged that after the service of the writ of at-
tachment upon him he had instituted an action against John
H. Johnson, Mettler and State Bank of Townsend asking that
they be required to interplead and to litigate between them-
selves as to the ownership of the money which he had deposited
with the clerk of the court. He set forth that he did not have
any interest, claim or demand in or to the money and that he
was ready to abide by any and all orders of the court; but he
submitted that he was entitled to be protected against the con-
flicting claims which were being made to the money. He had
in fact commenced the action referred to in his answer on
January 6, 1927, and each defendant named had appeared
therein by demurrer during that month.

On March 11, 1927, the court heard testimony upon the order
to show cause. Mr. Mettler introduced in evidence the docu-
ments upon which he relied and gave testimony respecting the
assignment executed to him by Johnson. Wright introduced
in evidence the files in the attachment action, as well as those
in the interpleader action. Also Mettler's petition to be ad-
judged a bankrupt, filed in the federal court on July 14, 1927,
and other papers relating to the bankruptcy proceeding.

Upon the conclusion of the testimony the court took the
matter under advisement and on July 8, 1927, made an order
requiring Wright to pay the money to Mettler. On the next
day the clerk paid the money to Mettler in accordance with

the order. Wright caused a bill of exceptions to be settled, and appealed from the order of July 8, 1927.

1. The conclusion that, upon the conditions shown, the court should have discharged the order to show cause and have required the parties to proceed with the so-called interpleader action seems inescapable.

It will be remembered that the court in the first place [2] attempted to appoint a receiver in an unlawful detainer action, and upon appeal it was held that the court was without authority to make the appointment. (*Doggett* v. *Johnson*, supra.) Nevertheless, the court had the authority to make the order requiring the receiver to turn over the rentals which he had received while in possession of the lands to the defendant Johnson. (*Doggett* v. *Johnson*, 79 Mont. 499, 257 Pac. 267.) The court thus directed restitution, so far as it could, the circumstances considered. The order requiring Wright to turn over the rental money to Johnson was final and immediately upon its rendition Johnson was entitled to the money. Nothing further remained for the court to do and nothing remained for Wright to do but pay the money to Johnson. The money in his hands was therefore subject to attachment (garnishment) by Johnson's creditor. (*Robertson* v. *Detroit Pattern Works*, 152 Mich. 612, 15 Ann. Cas. 131, 116 N. W. 196; *Dunsmoor* v. *Furstenfeldt*, 88 Cal. 552, 22 Am. St. Rep. 331, 12 L. R. A. 508, 26 Pac. 518; *Russell* v. *Millett*, 20 Wash. 212, 55 Pac. 44.)

When the writ of attachment was served upon Wright he might at once have commenced an action against the conflicting claimants to compel them to interplead and litigate their several claims between themselves. (Sec. 9087, Rev. Codes 1921.) The exigency became more imperative when Mettler served his demand. A court order directed Wright to pay the money to Johnson, or his order. A writ of attachment issued by the same court in effect directed Wright to hold the money subject to the sheriff's order. If he disregarded either command he courted trouble.

Section 9087 reads as follows: "A defendant, against whom an action is pending upon a contract, or for specific personal property, may, at any time before answer, upon affidavit that a person not a party to the action makes against him, and without any collusion with him, a demand upon such contract, or for such property, upon notice to such person and the adverse party, apply to the court for an order to substitute such person in his place, and discharge him from liability to either party, on his depositing in court the amount claimed on the contract, or delivering the property, or its value, to such person as the court may direct; and the court may, in its discretion, make the order. And whenever conflicting claims are or may be made upon a person for or relating to personal property or the performance of an obligation, or any portion thereof, such person may bring an action against the conflicting claimants to compel them to interplead and litigate their several claims among themselves. The order of substitution may be made, and the action of interpleader may be maintained, and the applicant or plaintiff be discharged from liability to all or any of the conflicting claimants, although their titles or claims have not a common origin, or are not identical, but are adverse to and independent of one another."

While Wright delayed in bringing his action until January 6, 1927, he was not too late to avail himself of the statutory protection. But his payment of the money to the clerk was of no avail. Wright was not the defendant in any pending action and hence was not within the purview of the first clause of the statute. He instituted the action to compel Johnson, Mettler and the State Bank of Townsend to interplead under the second clause of the statute with a view to being discharged from liability to them or either of them. The second clause does not make any provision for an order permitting the plaintiff in the interpleader action to pay into court or deliver the property in controversy. Whether the court in such action may make an order of this kind we need not determine now; the court did not make such order.

Wright could not relieve himself from responsibility by voluntarily placing the money in the hands of the clerk. It was not the clerk's duty to receive it and, when he did so, the money was not legally in official custody. (*Kimball* v. *Richardson-Kimball Co.*, 111 Cal. 386, 43 Pac. 1111; *Marine National Bank* v. *Whiteman Paper Mills*, 49 Minn. 133, 51 N. W. 665.) He might as well have deposited the money in a bank, or have entrusted it to a bystander. Having received it without statutory authority, and without a court order, the clerk was a mere bailee holding the money for Wright.

The State Bank of Townsend was not a party to the proceeding which resulted in the order appealed from. The order did not foreclose the bank's rights in any way. The order directing Wright to pay the money to Mettler did not affect the attachment, and could not protect Wright as against the bank. The court and Mr. Mettler seem to have fallen into error upon the assumption that the money in the clerk's hands was *in custodia legis*, and that a court order directing the payment thereof to Mettler would protect Wright.

That Mettler had been adjudged bankrupt was none of Wright's affair. If Mettler were entitled to receive the money under Johnson's order, whether he turned it over to his trustee in bankruptcy was none of Wright's concern.

2. John H. Johnson moved to dismiss this appeal upon [4] several grounds. One is that Wright as receiver did not have leave of court to take or perfect an appeal in the matter. This ground is not tenable. The order purporting to appoint Wright receiver was void. The order of November 22, 1926, was made by the court in an endeavor to correct its error so far as possible; it merely directed Wright to turn over money he had collected while acting under the void order, to Johnson, or his order. As the money was subject to attachment and Wright was responsible for it personally, not as receiver, he was not under any obligation to ask the court in that proceeding for permission to do anything.

Another ground is that Wright is not a party aggrieved [5] by the order of July 8, 1927, but from what precedes it is

clear that position cannot be maintained. Other grounds are that neither notice of appeal nor transcript was served upon either of the Doggetts, or upon the clerk, and it is said that this court already has passed upon the merits of the attempted appeal in its decision rendered June 24, 1927—*Doggett* v. *Johnson,* 79 Mont. 499, 257 Pac. 267. But it appears in that decision that the Doggetts appealed from the order of November 22, 1926, and the order was affirmed. The decision affirmatively shows that the Doggetts could not have any interest whatsoever in the order of July 8, 1927, and could not in anywise be affected by it. They were, therefore, not parties aggrieved and it was unnecessary to serve either notice or transcript upon them.

The clerk was not a party to the action or proceeding and was not in anywise affected by the order of July 8, 1927. He was, as is observed above, a mere bailee for Wright. Under the conditions Wright could not hold the clerk liable for turning over the money to Mettler under the court's order.

All the rights of Johnson, Mettler, the bank and Wright may be taken care of in the interpleader action. If the bank is desirous of questioning the validity of the assignment from Johnson to Mettler, contending that Johnson owns the money, or has an interest therein, notwithstanding his order to Mettler, and that Johnson's interest in the money was attached in Wright's hands, the entire subject may be litigated in the interpleader action. Wright was and is entitled to the protection of the statute and this being the case, the order of July 8, 1927, should not have been made.

The motion to dismiss the appeal is overruled and the order appealed from is reversed.

*Reversed.*

ASSOCIATE JUSTICES MYERS, STARK and GALEN concur.

MR. JUSTICE MATTHEWS, being disqualified, did not hear the argument and takes no part in the foregoing decision.

Rehearing denied April 9, 1928.