No. 15,858.

BROWN *v.* FUNDAMENTAL BAPTIST TABERNACLE, ET AL.
(184 P. [2d] 494)

Decided September 2, 1947.

Mr. BERNARD E. MADDEN, for plaintiff in error.

No appearance for defendants in error.

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

THESE parties are hereinafter referred to as Brown, the church and Morris, respectively.

The church had a building of which Brown, claiming to be pastor, was in possession. The church sought by mandatory injunction to oust him, contending that Morris was in fact pastor. The writ was issued, Brown ejected and Morris installed. Brown was held in contempt for violating the writ and committed to jail. Thus far Hon. Joseph D. Blunt, district judge, presided. In a habeas corpus proceeding instituted in this court (No. 15735) by Brown we directed his release on bond and the calling of another judge to hear the cause. Thus Judge Leddy came to preside. He vacated the contempt proceedings, heard the evidence, held the court without jurisdiction to determine who, if anyone, was the pastor and dismissed the cause, each party to pay his own costs. Motion for new trial was dispensed with. To review that judgment Brown prosecutes this writ. His only specification is that the court erred in not restoring him to possession. We have been favored with no brief for defendants in error.

With the court's decision that it was without jurisdiction we are not concerned. It has not been challenged and has become the law of the case. The simple question is, Having ousted Brown on the theory that it had jurisdiction did the duty devolve upon the court to

restore the status quo before washing its hands of the contest? Reason seems to demand an affirmative answer and all the authorities seem to support her. We need cite but two. *Doggett v. Johnson*, 79 Mont. 499, 257 Pac. 267; *United States v. Morgan*, 307 U.S. 183, 59 Sup. Ct. 795, 83 L. Ed. 1211. Accordingly possession should be restored to Brown. The judgment in this respect is ordered amended and further proceedings had in conformity herewith.

Remanded for amendment of judgment.

MR. JUSTICE JACKSON and MR. JUSTICE LUXFORD concur.