**ANDERSON RANCH ARTS FOUNDATION, Plaintiff-Appellant,**

v.

**PROPERTY TAX ADMINISTRATOR OF the STATE OF COLORADO and the Board of Assessment Appeals of the State of Colorado, Defendants-Appellees.**

**No. 84CA1152.**

Colorado Court of Appeals,
Div. I.

May 15, 1986.

Rehearing Denied June 26, 1986.

Certiorari Denied Dec. 15, 1986.

Davis, Graham & Stubbs, Richard W. Daily, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Billy Shuman, Deputy Atty. Gen., Denver, for defendants-appellees.

KELLY, Judge.

Anderson Ranch Arts Foundation (Foundation) appeals the judgment of the district court affirming the action of the Board of Assessment Appeals (BOAA) which denied the Foundation a charitable exemption from the payment of *ad valorem* property taxes. The district court affirmed the agency action on the ground that the property did not meet the statutory criterion that the property be nonresidential. We affirm.

The Foundation is a non-profit corporation which owns and operates an arts center near Snowmass, Colorado. The staff, consisting of the director and three assistants, resides on the premises, along with two children of staff members. The Foundation's activities are funded by student tuition, studio rental, admission fees, contributions from exhibiting artists, and fundraising events.

The Foundation applied for a property tax exemption pursuant to § 39-3-101(1)(g)(I), C.R.S. (1982 Repl.Vol. 16B) for property which is "owned and used solely and exclusively for strictly charitable purposes." Based upon the Foundation's means of funding, the Property Tax Administrator determined that the Foundation property did not meet this statutory criterion. This decision was affirmed by the BOAA.

The Foundation sought review by the district court which affirmed the BOAA but on different grounds. The district court held that the Foundation had a charitable end and, therefore, would be qualified for exemption under § 39-3-101(1)(g)(I), C.R.S. (1982 Repl.Vol. 16B) but for the residential use exclusion set out in § 39-3-101(1)(g)(I)(A), C.R.S. (1982 Repl.Vol. 16B).

The Foundation appeals the decision of the district court, arguing for a less restrictive interpretation of the residential use exclusion. The Property Tax Administrator and the BOAA did not cross-appeal the court's holding that the Foundation satisfied the "charitable end" test, and that issue is not before us. *See Brown v. Fundamental Baptist Tabernacle*, 117 Colo. 157, 184 P.2d 494 (1947).

The Foundation asks this court to construe § 39-3-101(1)(g)(I) so as to limit what it contends is the harsh effect of the trial court's interpretation. Specifically, the Foundation asks us to rule that a residential use incidental to the charitable use does not disqualify the Foundation from receiving the tax exemption.

To support this argument, the Foundation suggests that the general assembly could not reasonably have intended to imperil a charitable institution's property tax exemption merely because there are staff and security personnel residing on the premises. Such an interpretation produces an unreasonable and impractical result, says the Foundation, which was not contemplated ·by the legislature, and which should, therefore, not be followed. We disagree.

■ The Colorado Constitution provides: "Property, real and personal, that is used solely and exclusively for religious wor-

ship, for schools or for strictly charitable purposes ... shall be exempt from taxation, *unless otherwise provided by general law.*" Colo. Const. art. X, § 5 (emphasis added).

It is absolutely within the power of the general assembly to limit, modify, or abolish the exemptions provided by the Constitution, *McGlone v. First Baptist Church,* 97 Colo. 427, 50 P.2d 547 (1935), and the general assembly has frequently employed its power to limit the scope of the charitable purpose exemption.

The version of the statute at issue here, § 39-3-101(1), C.R.S. (1982 Repl.Vol. 16B), states as follows:

"(1) The following shall be exempt from general taxation under the provisions of articles 1 to 13 of this title:

. . . .

(g)(I) Property, real and personal, that is owned and used solely and exclusively for strictly charitable purposes and not for private gain or corporate profit if: (A) Such property is nonresidential...."

■ The general assembly did not completely rule out exemptions for residential uses, as it was authorized to do by the constitution. Rather, it specifically delineated those circumstances of residential use under which the exemption should be granted, *see* § 39-3-101(1)(g)(I)(B) through (D), C.R.S. (1982 Repl.Vol. 16B), and these circumstances do not cover the facts here presented. Thus, the general assembly must be regarded as intending the result that a literal reading of the statute yields in this case. *See Colorado Department of Social Services v. Board of County Commissioners,* 697 P.2d 1 (Colo.1985). Further, there is a presumption against tax exemption, and the burden is upon the one claiming the exemption to establish his right thereto. *United Presbyterian Ass'n v. Board of County Commissioners,* 167 Colo. 485, 448 P.2d 967 (1968).

We also disagree with the contention of the Foundation that the policy enunciated in *United Presbyterian Ass'n, supra,* of permitting "great latitude" in the method of effecting the charitable purpose required the trial court to interpret the residential use exclusion so as to allow incidental residential use. The court there said that:

"[O]nce the right to tax exemption has been clearly established, then this court has approved great latitude of method in effecting the result." *United Presbyterian Ass'n, supra.*

■ Under the statutory scheme, the right to the tax exemption has not been established until it is shown that the property is nonresidential. Thus, the "great latitude" policy does not attach.

The judgment is affirmed.

PIERCE and BERMAN, JJ., concur.