Vincent J. Scott and Robert Laidlaw v. John J. Speed, Judge of the Circuit Court for Wayne County.

Same relators v. William Jennison, Circuit Judge.

Same relators v. J. Logan Chipman, Judge of Superior Court of Detroit.

| 58 | 311 |
| 58 | 316 |
| 58 | 311 |
| 111 | 396 |
| 58 | 311 |
| 118 | 354 |
| 58 | 311 |
| 141 | ²563 |

*Assignments for benefit of creditors—Removal of cause—Municipal court—Receivership—Mandamus.*

1. Statutory proceedings to take charge of and administer assigned estates are special and peculiar, and not like an ordinary suit in chancery. And they are not removable to a court of merely municipal jurisdiction from the court which is designated throughout the statute as the proper one to take cognizance of them. How. Stat. ch. 303.

2. Municipal courts are created only for the common judicial business of a municipal tribunal.

3. Mandamus will not lie, whether an appeal does or not, to review an order for the appointment of a receiver for an assigned estate.

Mandamus.    Submitted Oct. 20.—Denied Oct. 28.

*S. E. Engle, A. Russell* and *D. M. Dickinson* for relators.

*Edward E. Kane* and *C. I. Walker* for respondents.

CAMPBELL, J.    These are three applications for mandamus, all of which relate to but one main question, which is whether a cause begun in the Wayne circuit by creditors to wind up an assigned estate has been lawfully transferred to the Superior Court of Detroit.    One of them presents the further point, whether the order of the Wayne circuit court appointing a receiver of the assigned estate is of such an illegal character that it should be vacated by mandamus.

Upon the argument it was claimed for respondents that the proceeding under the statute to assume charge of and administer assigned estates, is not an ordinary equitable proceeding, subject to removal as between proper parties, but is a peculiar, and in some respects anomalous, proceeding which is specially vested in the circuit courts to the exclusion of all other courts of original jurisdiction.    We think that such is the character of the proceeding.

The statute which prescribes how assignments shall be made, and requires them to give no preferences, makes it necessary to their validity that they shall be acknowledged and filed with a proper inventory and bond in "the office of the clerk of the circuit court of the county where the assignor resides," or in case of non-residence, in the county of the assignee, if a resident.    How. Stat. § 8739.    This must be done within ten days after the making.    Other action of the assignees must be filed in the same office.

In case of fraud, or of failure to conform to the statutory regulations, any person interested may file a bill to enforce the trust, and a receiver may be appointed, and the court

may order a summary examination of parties or witnesses at any stage of the cause.   § 8744.

Where any claim is disputed by assignee, receiver or creditor, a trial is to be had on the law side of the same court, in a contest entered as a cause between creditor and assignor, and on a verdict a judgment is to be entered but no execution can be issued on it.   Provision is also made concerning the declaration of dividends and other matters, and it is finally provided that the circuit court in chancery shall have supervisory power over all matters, questions and disputes arising under assignments, and may, upon the application of the assignee or any person interested, make all necessary and proper orders for management, disposition and distribution, and for the recovery of property claimed by third persons, and may from time to time require new bonds or securities. § 8749.

It so happens that the circuit court clerk is the person who is clerk of the county, but the fact that his proper title being county clerk, he is here only spoken of as clerk of the circuit court, is of some significance as indicating that all the proceedings, whether a suit in equity is begun or not, belong in the court records and not in the general records of the county.   This alone is not conclusive.   But when we look at the whole statute, it will be found to partake of several of the characteristics of bankrupt and insolvent laws, and to involve quite as many administrative as forensic duties.   In some cases it requires a proceeding which is in form but not in fact a common-law action, begun, not by the apparent plaintiff, but in his name, at the suggestion of adverse interests.   The power to regulate and control the proofs of debts, the collection and distribution of assets, and the hearing of questions from time to time in advance of any final hearing on pleadings and proofs, all distinguish the proceedings from regular chancery cases in the usual course of justice.   It is hardly possible that some of the inquiries under the statute would not be beyond the jurisdiction of any merely municipal court.   But however this may be, those courts are not created for any purpose but the common judicial business of

a municipal tribunal, and where a particular court is named throughout, and where the powers granted are special and peculiar, it cannot be assumed that a choice of tribunals is left to parties. Some of the duties prescribed by the statute are to be performed by the clerk or the court without the pendency of any regular chancery proceedings, and some are to be performed by subsidiary inquiries, when the parties to the record, for anything we can know in the matter, could not be forced into a city court.

We consider the subject as one which is not within the ordinary range of judicial causes, and as not within the jurisdiction of the Superior Court. The questions of practice do not, therefore, become material.

Whether the appointment of the receiver can be complained of by relators, and if so, under what circumstances, is a question which cannot conveniently be disposed of on mandamus. There are certainly cases where a trust of this kind may be placed in the custody of the court, and where, unless done in advance of the final hearing, it would be of no use. But this does not necessarily preclude inquiry how far it may have been done in violation or disturbance of legal right. If such an order can be interfered with by an appellate court, it must be appealable, and an appeal, if it lies (which we do not now determine), will bring up, as a return to a mandamus cannot, the whole facts on which the court below acted, for review.

We think therefore that all of the applications must be denied, with costs against relators.

The other Justices concurred.