L & L CONCESSION COMPANY *v.* GOLDHAR-ZIMNER
THEATRE ENTERPRISES, INC.

1. JUDGMENT—TEMPORARY INJUNCTION—RES JUDICATA—PARTIES.
Temporary injunction granted sublessee concession company
against assignor of plaintiff's sublessor, which had obtained
repossession of theater properties under an agreement entered
into between the latter 2 parties and a court order entered
pursuant thereto in suit for rescission of agreement assigning
the leasehold interests, was proper, where order entered in
the earlier suit, to which plaintiff was not a party, was
expressly based on assent of the parties thereto and was
stated to be without prejudice to such rights and claims of the
respective parties.

2. INJUNCTION—MANDATORY INJUNCTION—RESTORATION OF STATUS
QUO—ESTOPPEL.
Mandatory injunction to require sublessor's assignor which had
obtained repossession of premises to surrender subleased por-
tion of theater premises to plaintiff concession company was
necessary to reestablish *status quo* where plaintiff had been
summarily evicted without a determination of its rights having
been made as to its claim that the assignor knew of the sit-
uation with respect to plaintiff's participation in furnishing
consideration for the assignment, acquiesced therein and be-
came estopped to interfere with plaintiff's possession.

3. SAME—HEARING—PRESERVATION OF STATUS QUO.
Mandatory injunctions are seldom granted prior to the hearing
of the case and then only in the most exceptional cases when
required to preserve the *status quo*.

4. SAME—DISCRETION OF COURT.
Whether or not a mandatory injunction will be granted is largely
a matter of discretion of the trial court.

REFERENCES FOR POINTS IN HEADNOTES
[3, 5] 28 Am Jur, Injunctions §§ 12, 21.
[4] 28 Am Jur, Injunctions § 35.

5. SAME—HEARING—PRESERVATION OF STATUS QUO.

> Generally, a mandatory injunction will be granted prior to a hearing, where it is essential to the preservation of the *status quo,* a serious inconvenience and loss would result to plaintiff and there would be no great loss to defendant.

Appeal from Wayne; Weideman (Carl M.), J. Submitted January 29, 1952. (Calendar No. 45,264.) Decided March 6, 1952.

Bill by L & L Concession Company, a Michigan corporation, against Goldhar-Zimner Theatre Enterprises, Inc., and United Detroit Theatres Corporation to restrain interference with plaintiff's right of possession. Temporary injunction granted. Defendant United Detroit Theatres Corporation appeals in nature of mandamus. Affirmed and remanded for further proceedings.

*Herman Kass* (*Louis Rosenzweig,* of counsel), for plaintiff.

*Ellmann & Ellmann,* for defendant Goldhar-Zimner Theatre Enterprises, Inc.

*Butzel, Eaman, Long, Gust & Kennedy,* for United Detroit Theatres Corporation.

CARR, J. The defendant United Detroit Theatres Corporation has taken an appeal in the nature of mandamus, on leave granted, from an order of the circuit court granting a temporary injunction. The pleadings in the case indicate that prior to the 24th of May, 1950, the appellant was in possession of the Annex Theatre, the Regent Theatre, and the Alger Theatre in the City of Detroit, under leases from the owners thereof. On the date mentioned, said leases were assigned to the defendant Goldhar-Zimner Theatre Enterprises, Inc. The lessors consented to such action, but subject to the condition that the

United Detroit Theatres Corporation should not be relieved from the obligation to pay rent. It is claimed also that the assignments provided that, in the event of default by the assignee in the payment of rent and the performance of other obligations, the assignments would be subject to cancellation and the assignor entitled to the possession of the premises.

Appellant asserts that in the early part of the year 1951 Goldhar-Zimner Theatre Enterprises, Inc., was in default under the terms of the agreement, and that a notice to quit was served on it. Thereupon Goldhar-Zimner Theatre Enterprises, Inc., started suit in equity in the circuit court of Wayne county to rescind the transaction between it and appellant. At the time the suit was started an order restraining appellant from proceeding with the enforcement of the cancellation of the agreement was granted, with an order to show cause why a temporary injunction for such purpose should not be issued. A receiver was also asked in the bill of complaint.

On hearing, the application for the appointment of a receiver and for the granting of injunctive relief was denied. Thereupon appellant started summary proceedings before a circuit court commissioner of the county to recover possession of the theaters. Goldhar-Zimner Theatre Enterprises, Inc., then made application to amend its bill of complaint in the equity case, and obtained from the presiding judge a restraining order precluding appellant from continuing with the summary proceedings. At the same time an order to show cause why a temporary injunction should not issue, continuing the restraining order, was granted and was brought on for hearing before the Honorable Thomas F. Maher, circuit judge, who had heard and denied the prior order to show cause in the proceeding. On the 12th of April, 1951, Judge Maher entered an order, stated therein to be "with the assent of counsel for the respective

parties," granting to the appellant the possession of the theater properties in question together with personal property and fixtures used in connection therewith. Such order was declared to be "without prejudice to the rights and claims of the respective parties." Within the time limited by Judge Maher's order, the keys to the properties were delivered to the appellant which then proceeded to take possession.

On May 25, 1950, the day following the assignment of the leases by appellant to the Goldhar-Zimner Theatre Enterprises, Inc., the latter corporation subleased to the L & L Concession Company, plaintiff in the instant suit, certain portions of the lobbies in said theaters to be used for the sale of candy, popcorn and other confections. Said sublease was expressed to continue for a period of 5 years. Plaintiff went into possession and proceeded to conduct its business as contemplated by its sublease until evicted by the United Detroit Theatres Corporation following the order, above referred to, entered on April 12, 1951, by Judge Maher in the suit between the 2 defendants in the instant case.

On April 23, 1951, plaintiff instituted this proceeding for equitable relief, alleging in its bill of complaint its possession, until evicted, of the properties covered by its sublease, and its business operations thereon. It was averred that the appellant had notice and knowledge of the execution of the sublease and of plaintiff's possession thereunder. It was further claimed that on May 24, 1950, the date of the agreement between appellant and Goldhar-Zimner Theatre Enterprises, Inc., plaintiff loaned to the latter corporation the sum of $25,000 to be used for the purchase from defendant of its interest under the leases that it held, that appellant knew of such loan and its purpose, and also knew that the loan was a part of the consideration for the execu-

tion to plaintiff of the sublease. Plaintiff denied the right of appellant to evict it from the premises, and alleged that irreparable injury to it and its business would result from such action. A temporary injunction to restrain the continuance of such eviction, and to permit plaintiff to remain in possession of its concessions pending the determination of the rights of the parties, was asked.

On the filing of the bill an order to show cause why the relief sought should not be granted was issued. Pending the hearing on such order defendants were restrained from interfering with the plaintiff's possession and the conduct of its business. After listening to the arguments of the parties and giving consideration thereto, the court came to the conclusion that plaintiff was entitled to a trial of the matters set forth in its bill of complaint and to have a judicial determination thereof. Accordingly a temporary injunction and stay of proceedings was granted, requiring the defendant to deliver to plaintiff the properties covered by its sublease and to refrain from interfering with plaintiff's possession and the conduct of its business during the pendency of the suit and until the further order of the court. It was ordered that during the time that plaintiff remained in possession, in accordance with the temporary injunction, it should pay into court, with full written accounting thereof, all rental payments computed in accordance with the sublease and all net profits from the operation of its business. The order was stated to be "without prejudice to the rights of defendant, United Detroit Theatres Corporation, to institute and prosecute any other proceedings to attempt to obtain full and complete possession of said premises, and also without prejudice to the right of any party to assert any defense or claim in any such proceedings, and also without prejudice to the rights of defendant, Goldhar-Zimner Theatres, Inc., to in-

stitute or maintain actions or proceedings in opposition to claims asserted by the other parties."

It is obvious from the provisions of the order that the trial judge did not intend to pass on the merits of the claims of any of the parties, but left all matters in dispute between them for future determination in the pending cases, or in other proceedings that might be instituted. Subsequently, on motion, the order for the temporary injunction was modified by deleting therefrom reference to the concession space in the Annex Theatre. It appears that such modification was based on a showing that this theater was closed on or about April 1, 1950, and had not been reopened.

Appellant asserts that the order granting the temporary injunction in question was at variance with the prior order of Judge Maher and was, for that reason, improper. However, Judge Maher's order was entered in a suit between the 2 defendants, the plaintiff in the instant case not being a party. It was expressly based on the assent of the parties and was presumably intended to carry into effect the agreement reached by them as to which should have the right of possession until the final determination of their respective claims. It is significant to note that the matter of possession was fixed without prejudice to such "rights and claims." Under the circumstances we think appellant's contention that the temporary injunction in the instant case is at variance with Judge Maher's order is without merit. That order merely established the right of possession as between appellant and Goldhar-Zimner Theatre Enterprises, Inc., pursuant to their agreement, pending the determination of their controversy.

It is plaintiff's claim that because of appellant's knowledge of the situation, and acquiescence therein, it is estopped to interfere with plaintiff's possession under its sublease. The trial judge came to

the conclusion that plaintiff is entitled to a final determination of its alleged right to the relief sought by it, and that the *status quo* should be maintained pending such determination, or until the further order of the court. Such result could be accomplished only by requiring appellant to surrender to plaintiff the possession of the premises from which plaintiff had been summarily evicted.

Under the circumstances the temporary injunction is not open to objection on the ground that it was mandatory in form. An analogous situation was involved in *Steggles* v. *National Discount Corporation,* 326 Mich 44 (15 ALR2d 208). In approving the granting of relief, it was said:

"Mandatory injunctions are seldom granted prior to the hearing of the case and then only in the most exceptional cases when required to preserve the *status quo.* *McCombs* v. *Merryhew,* 40 Mich 721; *Arnold* v. *Bright,* 41 Mich 207; *Tawas & Bay County Railroad Co.* v. *Iosco Circuit Judge,* 44 Mich 479; *Hall* v. *Wayne Circuit Judge,* 111 Mich 395. It is largely a matter of discretion of the trial court. The general rule is that whenever courts have found a mandatory injunction essential to the preservation of the *status quo* and a serious inconvenience and loss would result to plaintiff and there would be no great loss to defendant, they will grant it. *Gates* v. *Detroit & Mackinac Railway Co.,* 151 Mich 548."

Under the facts indicated by the record before us, the trial judge was not precluded from granting the temporary injunction, nor was there any abuse of discretion on his part in doing so. The order in question is affirmed and the cause is remanded for further proceedings. Plaintiff may have costs against the appellant.

NORTH, C. J., and DETHMERS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.